SARAH A. L. NORWOOD AND OTHERS V. SAMUEL L. COBB,
                     ADMINISTRATOR.

We do not think proper to re-examine the questions heretofore determined in this
    case, upon former appeals; or to consider the determinations, necessary to
    those decisions, open questions. If we were so to consider them, it is believed
    the same conclusions, so far as essential, would be attained, if not upon pre-
    cisely the same reasons.

The judgment or decree of a Court of another State, having jurisdiction of the
    parties and of the subject matter, is conclusive as to the rights thereby ad-
    judicated, notwithstanding that the judgment went by default. Where suit is
    brought on a judgment of another State, allegations and evidence which merely
    attack the right of the plaintiff to recover in the original action, without more,
    do not conduce in any degree to sustain a general charge that the judgment
    was obtained by fraud.

Where husband and wife, as administrator and administratrix of a former hus-
    band of the wife, in the State of Mississippi, recovered a judgment there, upon
    which an administrator, who obtained letters of administration in this State,
    brought suit here, it was held that the defendant could not be permitted to
    prove, (under a general charge of fraud in obtaining said judgment,) that the
    second husband and administrator in Mississippi "said that the judgment
    was fraudulent."

The certificate of the Judge, that the certificate of the Clerk is in due form of law,
    in the authentication of the judgment of another State, under the Act of Con-
    gress, must be annexed to the exemplification of the record.

Where the objections to evidence received are stated in the bill of exceptions, it
    is not necessary to repeat them in the assignment of errors; but it is sufficient
    to assign error generally in the admission of such evidence.

Multiplicity of other untenable objections and errors assigned, will not warrant
    this Court in refusing to revise a specific assignment, on a question which is
    vital to the case.

Appeal from Gonzales. Tried below before the Hon. Fielding
Jones.

This is the third appeal in this case. The two former will be
found in 11 Tex. R. 556, and 15 Id. 500. The proceedings
subsequent to the reversal of the judgment, on the second ap-
peal, necessary to be stated, were as follows: On the 7th of
October, 1856, plaintiff amended, alleging that the said negro

slaves, Isham and Adeline, were still in the possession of the defendants, and had been since the 11th day of April, 1850; that their reasonable hire was worth $400 per annum; prayer for the specific delivery of said slaves, for judgment for the value of their hire at the rate aforesaid, together with $552, the amount of hire decreed in the Chancery Court of Mississippi, with interest at the rate of six per cent. per annum from the rendition of said decree, the same being the rate of interest allowed by the law of said State, on all decrees rendered therein; and in case the said slaves could not be had, then plaintiff prayed for judgment for $1750, with interest thereon at the rate, &c.

On the 11th of April, 1857, defendants amended their answer as follows: That in the lifetime of the said William Norwood, the said George Norwood allowed the said William Norwood to have the services of the said negroes as a gratuity; and that the said William Norwood in his lifetime, acknowledged that the said George Norwood was the owner of said negroes, since claimed to have been the property of the said William Norwood; and they charge that in the lifetime of the said William Norwood, he, the said William Norwood, returned the negro boy Isham to the said George Norwood; and said negro boy Isham was in the possession of, and owned by, said George Norwood, at the time of the death of said William Norwood. And these defendants say, that after the death of the said William Norwood, the said Indiana, widow of said William Norwood, lived in the house of the said George Norwood, having her daughter with her; and the said George Norwood allowed the negro girl Adeline to act as nurse to said child. These defendants charge that neither the said William Norwood, in his lifetime, nor the said Indiana, after the death of the said William Norwood, claimed any ownership of said negro girl, nor of said negro man. These defendants say, that after the marriage of said Indiana with said William Green, her present husband, she, the said Indiana, and the said Green, conspired together to cheat and defraud the said George Norwood, and fraudulently instituted the suit of Green and wife, administrators of William Norwood v. George Norwood et al., and by fraud obtained said pretended judgment; and they charge that said pretended judgment is fraudulent and void, and that there was no notice of said suit served on said George Norwood; that there were three defendants in said suit, and if any notice was served at all, it was so served on the defendants Hall and

Davis, and not on the defendant George Norwood; and so these defendants say, that said pretended judgment was fraudulent and void as to the defendant George Norwood; and they charge that at the time of the death of said William Norwood, the said negroes Isham and Adeline were the property of the said George Norwood, and that the said George Norwood had full power and right to dispose of them; and they deny that said deeds of trust are fraudulent and void, as charged in plaintiff's petition. Defendants further say, that after the death of William Norwood, and after the time of the filing of the suit in which the pretended judgment was rendered, the plaintiffs in said judgment suit disclaimed all interest and claim in and to the negro girl Adeline; and defendants pray for judgment.

Verdict and judgment for plaintiff for the amount of the judgment and interest, and setting aside the deeds attacked in the petition as fraudulent. It appeared from the statement of facts, which embraced the exceptions to the admission and exclusion of evidence, that plaintiff offered Exhibit A, being a certified transcript of the judgment sued on, for the purpose of showing the nature of the claim presented, and its rejection by the administratrix. In this transcript, which was certified on the 8th of May, 1850, by Daniel R. Russell, Clerk, and Henry Dickinson, Vice Chancellor, there was a subpoena for George Norwood and John Hall, issued December 15th, 1849, to the Sheriff of Yallobusha county; but no return of service. Defendants objected to the admission of the transcript in evidence, on the ground that it did not show service on Norwood, and on other grounds which had been disposed of on the first appeal. Objection overruled and defendants excepted.

Plaintiff then offered in evidence Exhibits X and O, together. Exhibit X was also a transcript of the judgment sued on, and corresponded with Exhibit A, except in the copy of the subpoena, which purported, in Exhibit X, to have been issued on the 13th of December, 1849, for George Norwood, John Hall and John Davis, to the Sheriff of Yallobusha county, and to have been returned "Received and executed the 28th December, 1849. D. Robinson, Sheriff, by W. H. Johnson, D. Sheriff." It was certified by Daniel R. Russell, Clerk, on the 25th day of November, 1850; and filed in the Court below on the 12th of April, 1852. Exhibit O was a certificate under the private seal of Henry Dickinson, who styled himself Vice-Chancellor of the State of Mississippi in and for the Northern District thereof, in

which is embraced the District Chancery Court for said Northern District, holden at Carrollton; that Daniel R. Russell, whose name appears to the transcript of the record in the case of William Green and wife, administrator and administratrix, against George Norwood, (in which cause a final decree was made at the April Term, 1850, of said Court,) is and was Clerk of said Court at the date of said decree; has all the time since been Clerk thereof, and still is Clerk of said Court; that his attestation is in due form of law, and entitled, as such, to full faith and credit. This certificate was dated December 10th, 1850 ; was not attached to either transcript; and was filed October 15th, 1851. Defendants objected, 1st. That the document X was not properly authenticated by the certificate of the Judge. 2d. That it was never presented to George Norwood's administratrix for acceptance. 3d. That document O was not of same date as document X. 4th. That the two were not even attached together, as required by the Act of Congress for the authentication of judgments of sister States. 5th. That document O had no seal of the Court attached. 6th. That there was no reference in the Judge's certificate to the document X so as to identify it. Which objections were overruled by the Court, and defendants excepted.

Part of the statement of facts read as follows : Defendants then introduced the witness Balis Nations, who states that he knew all the parties in Mississippi; lived there, near neighbor to them; knows the negroes Isham and Adeline. Witness is asked, whose property were said negroes at the time of William J. Norwood's death. Plaintiff objects to the question; the Court sustains the objection, and defendants except. Witness is asked by the defendants, whether or not William J. Norwood ever set up any claim to said negroes at any time, and what declarations, if any, were ever made by William J. Norwood as to the title or ownership of said negroes.. Plaintiff objects to the question, and the Court sustains the objection; to which ruling the defendants except.. Witness is then asked, who was the owner of the negroes Isham and Adeline, at the time that the suit of Green and wife, in Mississippi, was commenced. Plaintiff objects to the question; the Court sustains the objection, and defendants except. Witness is then asked whether Green and wife, at the time of the attempted arbitration, did not say that they released and gave up all claim to the girl Adeline. Plaintiff objected to the question ; the Court sustained the objection, and defendants excepted. Witness is asked whether he had ever heard Green, the plaintiff

in the Mississippi judgment, say that the same was fraudulent. Plaintiff objects to the question; the Court sustains the objection, and defendants except.

This does not profess to be a statement of the facts, such statement not being essential to this report; but it may be stated that it was proved by the deposition of the Hon. E. S. Fisher, Judge of the High Court of Errors and Appeals of the State of Mississippi, who had been the attorney for the plaintiffs in the Mississippi judgment, that the subpœna was served on George Norwood, the defendant therein.

There were eighteen assignments of error, ten of which were specifications of error in the admission and rejection of evidence; all were specific. The fourth was, that there was error in permitting Exhibits X and O to go to the jury as the basis of the suit, or evidence of the claim sued on.

*Stewart & Mills*, for appellants. I. For reviewing the case Cobb v. Norwood, 11 Tex. R. 560, see Story's Conf. Laws, Sec. 516, 522; Talmage v. Chapel, 16 Mass. R. 71; 1 Peters, 686; Treckthick v. Austin, 4 Mason, C. C. 34; 9 Cranch, 151; Stewart v. Richie, 2 Harrison, N. J. R. 165.)

The plaintiff's pleading, showing the alleged conversion of the negroes, after the death of W. J. Norwood, dec'd, the case in 2 Harrison is conclusive.

II. Appellants' counsel argued questions disposed of on former appeals.

III. Exhibits X and O went to the jury with objections too plain to be mistaken, and on which we rely confidently for a reversal of the case. (1 Stark. Ev. Sec. 508, 6th Ed.; McFarland v. Harrison, 2 Bay, 555.)

IV. The questions to Balis Nations were asked, not for the purpose of bringing again in litigation the merits of the judgment, but for the purpose of connecting them with other facts and circumstances, from which to deduce a conclusion, as to the character of the recovery and the practices by which it was procured.

The defendants had a right to get at the judgment in this way. (See Ingram v. Drinkard, 14 Tex. R. 351.) No distinction can be taken between these cases. Green's declarations as to the fraudulent character of the Mississippi judgment, Green being a party to the record in that State, and identified with his co-plaintiff in interest, was clearly proper and admissible. (1 Greenl.

Ev. Sec. 170.) So, if Green be considered as representing his own interest, his wife's, or as one of the administrators of W. J. Norwood, representing the next of kin, his admissions and declarations are admissible in evidence. (Id. Sec. 180; see Smith v. Morgan, 2 Mo. & K. 257; 14 New Hamp. R. 343.) The joint interest or privity of design in the suit, makes the admissions and declarations of one, the same effect as to all. (Id. Sec. 174.) Green and wife were fully clothed with the administration of W. J. Norwood in Mississippi, if Exhibit X is to be taken as evidence. This rule was acknowledged in its most amplified manner, in Plant v. McEwen, 4 Conn. R. 544.

The admissions of William J. Norwood in his lifetime, as to the title of the slaves not being in him, his non-claim up to his death, the total absence of all claim until Green's intermarriage with William J. Norwood's widow, the release or disclaimer of Green and wife after they were clothed with the administration, of all claim or title to the slave Adeline; the admission of Green, that the Mississippi judgment was fraudulent, all make this case one of extraordinary features, which, added to the irregularities of the Mississippi record, pointed out by the late Justice Lipscomb, 15 Tex. R. 506, "cannot fail to cast suspicion upon it."

It will be found upon critical examination of modern cases, that the faith and credit given to judgments of one State in another, being the same, is particularly untrue. (See the cited cases, Norwood v. Cobb, 15 Tex. R. 500.) This evidence should have been admitted.

It will be noticed that the judgment in Mississippi was rendered by default, or according to their practice, the original bill was taken for confessed. There was no controversy about the facts in that suit; and it is not too much to say, that under defendants' pleading the Court below should have permitted them to go into the facts, as above, to form a basis for relief against the judgment, inasmuch as the case had never been tried on its merits. Such a course is not without example. (See Ingram v. Bellows, 2 Verm. R. 575.)

*Parker & Nichols,* for appellee. Exhibits X and A plainly had reference to each other, and were in due form, and showed a perfect record, excepting perhaps the want of return of attachment, which is fully accounted for in the deposition of Fisher.

The questions to Balis Nations all went to the foundation of the judgment in Mississippi. They did not tend to show fraud,

38

nor were there allegations in the answers that would support the same.   We submit that all of said questions, if properly put, would not have shown fraud in said judgment; and we respect-fully submit that the only legal ground of defence set up and relied on in the answers was want of notice or service.   The admissions of Green, who was not connected with this suit, and was a good witness in the same, were properly refused.   Although it is too evident from the record that such questions were intended not to have promoted the ends of justice, but for a point upon which to revive the case and hold the same up in litigation.

WHEELER, J.   We do not think proper to re-examine the ques-tions heretofore determined in this case upon former appeals, or to consider the determinations necessary to those decisions, open questions in this case.   If we were so to consider them, it is be-lieved the same conclusions, so far as essential, would be attained, if not upon precisely the same reasons.

The record of the Mississippi judgment, if properly authenti-cated, conclusively established the title of the plaintiffs therein to the property, and their right to the money adjudged to them. It clearly was not competent to impeach the judgment by parol evidence to the effect that the title was not in the plaintiffs.

The evidence by which the defendants proposed to impeach the judgment, as having been fraudulently obtained, did not con-duce in any degree to establish the affirmative of that issue.   It was therefore rightly excluded.

The record exhibits a multiplicity of objections and exceptions, and there are no less than eighteen specifications of error, but one of which is believed to be well taken; but that must be held fatal to the judgment.   The record of the judgment rendered in Mississippi is not properly authenticated.   The certificate of the Judge is wanting.   His certificate upon a separate paper, attested by no official seal, does not supply the omission.   The Judge's certificate ought to have been annexed to the record, and so it has been held.   (McFarlane v. Harrington, 2 Bay, 555.)   It would be a loose and dangerous practice to admit the certificates of authentication of the judgments of other States upon detached pieces of loose paper.

The assignment of errors is not free from the objection noticed in the case of Fisk v. Wilson, (15 Tex. R. 435–6.)   The only matter of doubt is whether this Court ought to revise the judg-ment upon such an assignment of error.   It cannot be doubted,

however, that the objection to the evidence was well taken, and the overruling of it is assigned specially as error. On a question so vital to the case, we do not feel warranted in declining to revise the judgment because of the multiplicity of other untenable objections and errors assigned. The judgment is reversed and the cause remanded.

Reversed and remanded.