WESTERN UNION TELEGRAPH COMPANY v. A. C. JOHNSON.

No. 491.

1. Telegraph Company—Careless Mistake.—The defendant telegraph company, as an excuse for delay in delivering a message, sought to show, that in taking a copy of the telegram the same was so blurred and indistinct that in addressing the envelope for the messenger boy the name of the addressee was wrongly given as Jackson, instead of Johnson. *Held*, that such evidence was properly excluded.

2. **Charge of Court—Requested Charge Cumulative.**—A requested charge upon the burden of proof is properly refused, where the point covered by it has already been fully and thoroughly covered by the court's main charge.

3. **Mental Anguish—Proof of.**—Proof of mental anguish is not necessary where the record shows such facts as indicate mental anguish, and in such a case the charge of the court may assume it as established.

4. **Charge of Court—Clerical Omission.**—The omission of "find" from the clause, "then you will find for the defendant," is not material error, where the meaning is made clear by the other instructions.

APPEAL from Grayson. Tried below before Hon. T. J. BROWN.

*W. W. Wilkins,* for appellant.—1. The appellant was only bound to exercise reasonable diligence in the delivery of said message, and any testimony that would tend to show that it performed its duty in that respect, or that would excuse the delay complained of, would be admissible to be considered by the jury.

2. The court erred in leaving out the word "find" in the fourth paragraph of the charge to the jury, thereby rendering a material and necessary charge meaningless or misleading.

No brief for appellee reached the Reporter.

LIGHTFOOT, CHIEF JUSTICE.—This suit was instituted by appellee in the District Court of Grayson County, Texas, on September 10, 1890, against appellant, for damages for failure to deliver a telegraphic message, sent to appellee over appellant's lines, from Springfield, Tenn., on June 17, 1890, reading as follows: "Your father is in a critical condition. Come at once." Said message was received at Denison, Texas, on June 17, 1890, at 10 o'clock a. m. If said message had been delivered to appellee with reasonable dispatch, he could and would have gone from Denison on the 12:30 p. m. train, and would have reached Springfield, Tenn., before his father's burial. His father died on June 18, and was buried on June 19, 1890. In consequence of the delay, appellee did not receive the message until June 19, when he left immediately for Springfield, Tenn., but did not arrive there until after his father's burial, and he was damaged by reason thereof to the full extent of the verdict of the jury—$400.

1. The first assignment of error is to the ruling of the court in excluding the testimony of O. D. Parker, manager of appellant company at Denison, whereby it was sought to show, as an excuse for the delay in the delivery of the message, that in taking a copy of the original telegram, the same was so blurred and indistinct that in addressing the envelope in which it was inclosed to be sent to plaintiff, by mistake the envelope was directed to "A. C. Jackson," instead of A. C. Johnson, and that that was the cause of the delay in the delivery of the message to plaintiff; that the messenger boy hunted the town over for A. C. Jackson, but failed, of course, to find him.

This testimony was immaterial and irrelevant, and did not show or tend to show a reasonable excuse for the negligence of appellant in failing to transmit and deliver the message promptly.

2. The appellant complains in its second assignment of error of the refusal of the court to charge the jury as follows: "The burden is on the plaintiff to show, by a preponderance of testimony, that he could have gotten to his father's house in time to be present at his funeral, and the plaintiff must establish this fact by proof; and you can not find for plaintiff on this issue from presumption, conjecture, or surmise; but you must be governed by the facts actually in proof."

The court had already charged the jury that it devolved upon the plaintiff to prove the following propositions: "(1) That the message, as alleged, was sent for his benefit, and that defendant had failed to deliver it within a reasonable time; (2) that plaintiff's father died and was buried before his arrival at Springfield, Tenn., and that if the message had been delivered to him within a reasonable time after it was received, he could and would have arrived at his father's home or place of decease in time to have been present at his father's burial. If plaintiff has failed to prove any one or all of the foregoing propositions, you will find for the defendant." The court also charged the jury to the same effect in its third charge, as follows: "If you further believe from the evidence that plaintiff's father died and was buried in Tennessee, in the absence of plaintiff; and also, that if the message had been promptly delivered the plaintiff could and would have gone to his father's bedside, and could and would have been at the funeral of his father, then you will find for the plaintiff," etc.

The point upon which appellant requested the special charge having already been fully and thoroughly covered by the court's main charge, the requested charge was properly excluded.

3. The fourth assignment of error as presented by appellant is, that the court erred in the fourth paragraph of its charge to the jury in assuming the fact as established, that the plaintiff suffered mental distress by reason of having been deprived of being present at his father's funeral, and that he was entitled to recover therefor.

Appellee testified, that his failing to see his father buried greatly grieved him, and that he would always regret it; he had not visited his father for a long time.

It has been held by our Supreme Court that proof of mental anguish was not necessary, the record showing such facts as would indicate mental distress. Tel. Co. v. Richardson, 79 Texas, 652; Tel. Co. v. Broesche, 72 Texas, 659; Tel. Co. v. Adams, 75 Texas, 535; Tel. Co. v. Jobe, 6 Texas Civ. App., 403.

4. It is claimed that the court erred in the following charge to the jury: "If you believe from the evidence that the defendant's agents and employes at Denison used ordinary diligence in delivering the message charged to have been received for plaintiff, then you will for defendant;" the word *find* being omitted.

This was evidently a clerical error, which could not have misled the jury. The court had already charged the jury in its first charge, "that the defendant is not an insurer of the prompt transmission and delivery of messages, but is held by law to exercise ordinary care and diligence in the transmission of messages and their prompt delivery; so it devolves upon the plaintiff to prove that the defendant was guilty of negligence in failing to deliver the .telegram in a reasonable time after the same was received at its office; and that if the message had been promptly delivered, he could and would have gone to the bedside of his father in time to be present before his death and burial." So that the idea contained in the charge objected to is clearly expressed in the main charge in several places.

5. The sixth assignment is upon the failure of the court to charge upon the preponderance of the testimony that defendant was negligent in or about the delivery of said message, when no special charge seems to have been requested upon that subject.

Upon the whole, we find that the cause was properly and clearly submitted to the .jury by the charge of the court; that the verdict of the jury is fully supported by the evidence; that the appellant was clearly guilty of negligence in the failure to deliver the message in the proper time, and therefore, that the judgment should be affirmed.

*Affirmed.*

Delivered October 10, 1894.