### J. J. BLASKE v. J. J. SETTEGAST.

Decided November 26, 1909.

**1.—Limitation—Actual Possession—Different Tracts.**

The actual possession of a defendant in trespass to try title of one tract of land will not be extended by construction to another tract, although adjacent, subsequently acquired by different deed.

**2.—Suit Against Unknown Heirs—Parties.**

In a suit of trespass to try title against unknown heirs under article

1236 Rev. Stats. one not in actual possession of the land described in the petition is not a necessary party when the record shows the title to be in another, but he is bound by the judgment in so far as it affects land not in his possession and to which he shows no title.

**3.—Same—Statute Construed.**

A judgment of a District Court in a suit against unknown heirs to quiet title under article 1236, Rev. Stats. is conclusive as against a collateral attack. Such a suit falls within the general jurisdiction of the District Court and is not a special proceeding.

Error from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Sam, Bradley & Fogle,* for plaintiff in error.—It was within the jurisdiction of the court to render the judgment it did in cause No. 30470. Templeton v. Ferguson, 89 Texas, 55; Houston & T. C. R. Co. v. DeBerry, 34 Texas Civ. App., 180; Campbell v. Upson, 81 S. W., 360; Revised Statutes, arts. 1236, 1504a, 1504f; Hardy v. Beaty, 84 Texas, 566; Heck v. Martin, 75 Texas, 469; Crawford v. McDonald, 33 S. W., 328; Davenport v. Bearden, 49 Texas Civ. App., 197.

The court, in rendering judgment in cause No. 30470, was a court of general jurisdiction. Hardy v. Beaty, 84 Texas, 566; Houston & T. C. Ry. Co. v. DeBerry, 34 Texas Civ. App., 180; Williams v. Ball, 52 Texas, 603.

In the absence of an affirmative showing from the record that the court was without jurisdiction, it will be presumed, in favor of the validity of the judgment rendered, that the court had jurisdiction both of the subject matter and of the persons. Templeton v. Ferguson, 89 Texas, 55; Maddox v. Summerlin, 92 Texas, 483; Williams v. Haynes, 77 Texas, 283; Martin v. Robinson, 67 Texas, 368; Brockenborough v. Melton, 55 Texas, 503; Floyd v. Watkins, 34 Texas Civ. App., 3; Ablowich v. Greenville Natl. Bank, 95 Texas, 429.

*J. W. Lockett,* for defendant in error.—The judgment rendered in favor of Mary Wright against Eli Noland and his unknown heirs in 1902, more than half a century after the title was acquired by Eli Noland and without any evidence to show that Eli Noland or his heirs still owned or claimed the land or had asserted any interest therein, and without any evidence to show that Mary Wright, who recovered such a judgment, had any title to or interest in such land or any claim thereto or any claim against the said Eli Noland and his unknown heirs or against any other defendant in said suit, and at a time when J. J. Settegast, defendant in this suit, had a general warranty deed for that part of such land in controversy in this suit, and was in actual possession of a part of the land included in his deed and claimed to the extent of the boundaries thereof, and when said Settegast was, in fact, in actual possession of a part of the property so decreed to said Mary Wright as against said Eli Noland and his unknown heirs and others, and where said Settegast was not made a party to the suit of Mary Wright, it is submitted that said judgment is not admissible in evidence in this case against

said J. J. Settegast, and if admissible is insufficient as a basis for recovery by the plaintiff herein, who claims under said Mary Wright, and even if admissible, the force and effect thereof is not sufficient to show title in the plaintiff in this case as against the defendant. Rev. Stats., arts. 1236, 1504a to 1504f.

If the grantee in a deed has actual possession of a part of the land therein described, his constructive possession extends to the limits defined in his deed; and if the deed describes as one body of land that which was adjoining, but which has been separated into two ownerships, even then if the grantee in such deed has actual possession of some of each part, his constructive possession will extend to the entire body of land described in his deed, and if the other elements concur he will acquire title by limitation to all of the land. Allen v. Boggess, 94 Texas, 83.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by plaintiff in error against the defendant in error to recover the title and possession of —— acres of land on the Eli Noland survey, in Harris County. The defendant answered by general demurrer, plea of not guilty and pleas of three, five and ten years limitation. The cause was tried by the court without a jury and judgment was rendered in favor of defendant.

Plaintiff claimed under a judgment rendered in the District Court of Harris County on October 7, 1902, in a suit in said court brought by Mary J. Wright against Fitzhenry Bond and others. This judgment is as follows:

"No. 30470.    Mary J. Wright et al. v. Fitzhenry Bond et al. On this seventh day of October, A. D. 1902, came on to be heard the above entitled and numbered cause, same having been recently styled Mary J. Cau et al. v. Fitzhenry Bond et al., the marriage of said Mary J. Cau with William Wright having been heretofore suggested to the court, the style of said cause having been changed so as to read Mary J. Wright et al. v. Fitzhenry Bond et al. And it appearing to the court that the defendants cited by publication had been duly cited by publication in the manner and form as required by law to appear and answer herein, and that service by such publication had been made and completed in all respects as required by law, and that Sam H. Brashear, Esq., an attorney and counselor at law heretofore appointed by the court to represent said defendants cited by publication, had appeared and filed an answer for them, and all parties announced ready, including the interveners, the trial of said cause was begun before the court, no jury having been demanded, and thereupon on the conclusion of the evidence said interveners announced that they would prosecute their intervention no further and would take a nonsuit, and said cause, as to them, was dismissed. And the court having heard the pleadings, evidence and argument of counsel is of the opinion that the plaintiffs are entitled to recover as prayed for in their petition. It is therefore ordered, adjudged and decreed by the court that the plaintiff, Mary J. Wright, in her own separate right, joined herein *pro forma* by her husband, William Wright, do have and recover of said defendants, to wit,

Fitzhenry Bond and the unknown heirs of Fitzhenry Bond, deceased; and Eli Noland and the unknown heirs of Eli Noland, deceased; and Frederick Andrews and the unknown heirs of Frederick Andrews, deceased; and August Gerard and the unknown heirs of August Gerard, deceased; and William Purvis and the unknown heirs of William Purvis, deceased; judgment for the title and possession of the land described in plaintiff's petition, to wit: The following described tracts and parcels of land lying and being situated in Harris County, Texas, out of the Eli Noland league in said county" (here follows description of a tract of 627 acres which includes the land in controversy). The judgment concludes by quieting the plaintiff in her title to said land and adjudging costs in favor of the officers of the court.

The evidence shows that the record title to the land in controversy was in Eli Noland at the time this judgment was rendered. Neither the pleadings nor citation in this suit was introduced in evidence, and there was no evidence of any kind tending to show the nature of the suit other than the recitals in said judgment above set out. Plaintiff holds the title acquired by Mary J. Wright by this judgment.

In 1840 Eli Noland conveyed to Thomas W. Marshall 200 acres on the Eli Noland survey, described as follows:

"200 acres of land, lying and being situated on the Spring Fork of Green's Bayou, and described as follows: Commencing at the northeast line of Eli Noland's league, and running across said league to the northwest boundary line; and bounded on the northwest by a line across said league, and leaving on the northwest side of said league a reservation to Eli Noland of 1000 acres of land; thence from said line southeast, making 200 acres inclusive, with all the improvements thereon, being the same land at present occupied by said Thomas W. Marshall."

Thereafter, in 1867, Thomas W. Marshall and wife conveyed the same 200 acres to J. G. Hardmyre, and in 1879 Hardmyre conveyed the same land to Peter Pfeiffer, the description of the land in the two last mentioned deeds being identical with that in the deed from Noland to Marshall before set out. On July 30, 1900, the heirs of Peter Pfeiffer conveyed to defendant in error a tract of 617½ acres on the Eli Noland survey, which includes the land in controversy and the 200 acres formerly held by Thomas W. Marshall.

The evidence shows that the land actually occupied by Thomas W. Marshall on the Eli Noland survey at the time the deed for 200 acres was made to him by Eli Noland did not embrace more than forty or fifty acres. The lines enclosing the 200 acres claimed by him under said deed are shown to have been established many years ago and appear to have been recognized by Eli Noland and those claiming under him in subsequent conveyances of other portions of the survey. As thus established and recognized the 200 acre tract conveyed by said deed includes a strip of land twenty-three varas wide by about 1000 varas long, or about five acres of land in controversy. The trial judge found that defendant in error had title to this strip of about five acres, and that he had no title by limitation

or otherwise to any other portion of the land claimed by plaintiff, but that plaintiff having failed to show title to any of the land, judgment should be rendered in favor of defendant. The defendant in error did not except in the court below to this finding and has filed no assignment challenging its correctness.

The evidence is sufficient to sustain the finding that the 200 acres known as the Thomas W. Marshall tract has been held and claimed by defendant and those under whom he holds for a sufficient time and under such circumstances as to perfect title in defendant thereto under the ten years statute of limitation, and therefore we are not authorized to disturb the judgment of the trial court in so far as it awards defendant judgment for all of said 200 acres.

We can not, however, agree with the learned judge in his holding that plaintiff failed to show title to any portion of the land in controversy. The conclusion of the trial judge upon this issue is thus stated in his conclusions of law filed at the request of plaintiff in error:

"The court is of the opinion that the plaintiff in this case made out no title as against the defendant in possession. The suit last above recited in the ending of the conclusions of fact, was brought under article 1236 of the Revised Statutes, which was intended to quiet title of persons having claims against persons the heirs of whom were unknown to them; that the said statute conferred upon the court only a special jurisdiction and not the general jurisdiction of the court; and it was not enough in this suit for the plaintiff to show that he had a judgment against the unknown heirs under the said statute, but he should have gone further and shown that the plaintiff in the said suit had some claim against the said persons owning the said property or against their heirs. That a person in possession of land, as in this cause, by such a suit will not be divested of their title without their knowledge, and the said statute was intended to confer a special jurisdiction upon the court in such cases, and that the person holding under such judgments can not disturb a person in possession unless they show they had the right to bring such suit in our courts. Therefore the court concludes that the plaintiff can not oust the defendant in this suit."

The court having expressly found that defendant's actual possession was confined to the 200-acre tract and that the lines of said tract were fixed many years ago, and as so established have been continuously known and recognized by Eli Noland and those claiming under him, it follows that defendant's possession of the portion of the land in controversy included within the lines of the 200-acre tract can not be extended by construction to any other portion of the land claimed by plaintiff. (Turner v. Moore, 81 Texas, 206.)

This being true, it also follows that as to that portion of the land in controversy not included in the bounds of the 200-acre tract, defendant was not a necessary party to the suit of Wright v. Bond, and he is bound by the judgment in that case in so far as it affects the land not in his possession and to which he showed no title.

We think the other objection to this judgment is equally untenable. The District Court has general jurisdiction of all suits affect-

ing the title to land and a judgment of a District Court in a suit of this character, which is not void upon its face, is conclusive as against a collateral attack. (Stewart v. Anderson, 70 Texas, 590; Hardy v. Beaty, 84 Texas, 562; Houston & T. C. Ry. Co. v. De-Berry, 34 Texas Civ. App., 180.)

Plaintiff having shown a *prima facie* title to all of the land sued for by him, except the small strip before mentioned included in the 200-acre tract owned by defendant, judgment should have been rendered in his favor for all of the land sued for except said strip, and the judgment of the court below will be reversed and judgment here rendered for the plaintiff in error as above indicated.

*Reversed and rendered.*