LAST CHANCE GAS CO. v. ELLINGER et al. (No 3171.)

Court of Civil Appeals of Texas. Amarillo. Feb. 6, 1929.

Cook, Smith, McLynn & Teed, of Pampa, for appellant.

W. M. Lewright, of Pampa, and John E. Williams, of White Deer, for appellees.

JACKSON, J., This suit was instituted by the plaintiff, the Last Chance Gas Company, a corporation, against W. H. Ellinger, W. L. Woodward, and 36 other defendants. The appellant obtained judgment against all the defendants except W. H. Ellinger, who is the appellee, and in whose favor a judgment was rendered by the court against the Last Chance Gas Company, the appellant, and it is of this judgment that the appellant complains in this court.

The appellant sued in trespass to try title to recover ⅞ of the oil, gas, and other mineral rights in and to a certain tract of land situated in Carson county, Tex., and fully described in its petition.

The appellee answered appellant's petition by general demurrer, general denial, and plea of not guilty. He also, by cross-action against the appellant and one of his codefendants, W. L. Woodward, and Chas. C. Cook, whom he impleaded, sought to recover an undivided ⁷⁄₃₂ interest of the ⅞ interest of the oil, gas, and mineral rights in the land described in appellant's petition. He pleads in his cross-action a suit in trespass to try title, alleging that on May 4, 1926, he was and still is the owner and holder of said interest in the land.

The appellee further alleges: That on May 26, 1926, in cause No. 653, Chas. C. Cook v. W. H. Ellinger, in justice court, precinct No. 2, Gray county, Tex., a purported judgment was rendered against him as defendant in favor of Chas. C. Cook, plaintiff. That a writ of attachment had theretofore been issued in said cause by said court, and levied upon his interest in said property and said attachment lien foreclosed in said judgment. That an order of sale was issued, based on the foreclosure of said writ of attachment lien, and the sheriff of Carson county, acting under and by virtue of said order of sale, sold and deeded appellee's interest in said property to W. L. Woodward, who thereafter sold and conveyed same to appellant. That, at the hearing of said cause in justice court, an attorney was appointed by the justice of the peace to represent appellee, and a statement of facts made up and filed with the record in said cause. That appellee was not served personally with citation in said cause in justice court, but service was asserted and claimed by the publication of a citation in the McLean News, a newspaper regularly published in Carson county, Tex. That in the citation by publication, the only statement of the nature of the plaintiff's demand against the defendant was: "Suit to recover the sum of $200.00 for legal services rendered by plain-

tiff for defendant at the special instance and request of the defendant." That such statement was insufficient to place the defendant on notice of the plaintiff's demand against him, and was insufficient to give the justice court jurisdiction to hear and determine said cause, and the court, being without jurisdiction, the judgment rendered against appellee was void, the attachment lien, the order of sale, the sale thereunder, the sheriff's deed, and all proceedings had by virtue of said judgment were void and of no force and effect. That by reason thereof, his codefendant W. L. Woodward and the appellant acquired no title to his interest in said land. He prayed the court that said judgment, sale, and sheriff's deed be canceled, and that he have judgment for the title and possession of his interest in said property.

To appellee's cross-action, the appellant filed a general denial, plea of not guilty, and alleged the validity of the judgment and proceedings in the justice court.

W. L. Woodward adopted the supplemental petition of the appellant, and in addition thereto pleaded that he was an innocent purchaser in good faith of the land at the sheriff's sale, and that appellee had notice of said judgment and sale more than two years before the institution of the suit by appellant in the district court to recover the land.

Chas. C. Cook, impleaded by defendant on his cross-action, answered, alleging the validity of the claim on which he obtained judgment in justice court against the appellee, and the validity of his judgment.

Appellee filed a supplemental answer, in which he again alleged the invalidity of the judgment against him in justice court, based on the insufficiency of the citation by publication to give the court jurisdiction, and alleges a meritorious defense to the cause of action upon which Chas. C. Cook obtained the judgment in justice court.

After the close of the evidence in the case, appellee Ellinger announced in open court that he would dismiss his cross-action against the defendant Chas. C. Cook, and the court entered judgment that the said Chas. C. Cook be and is dismissed from the suit with his costs.

The case was tried to a jury, and the court peremptorily directed a verdict in favor of the appellant against all the defendants, except the appellee, W. H. Ellinger, and peremptorily directed the jury to find against the appellant in favor of appellee for the interest in the land, as prayed for in appellee's cross-action. The jury returned a verdict in obedience to these instructions, and the judgment of the court was entered in compliance therewith. From that portion of the judgment in favor of appellee, the appellant prosecutes this appeal.

The record shows: That appellant and appellee agreed that the appellant was the own-

er of all the land in controversy except an undivided $\frac{7}{32}$ interest, which was owned by appellee on March 22, 1926. That the judgment of the justice court in cause No. 653, Chas. C. Cook v. W. H. Ellinger, was rendered on March 22, 1926, and recites that "the defendant, though duly and regularly cited by publication to appear and answer herein as the law directs, came not, but wholly made default." That the court appointed a practicing attorney to represent the nonresident defendant cited by publication. That said attorney answered, a jury was waived, and the court gave plaintiff judgment, and continues: "And it further appearing to the Court that a writ of attachment issued out of said court on the 13th day of January, 1926, and the following described property was levied on under said writ of attachment, to wit: All of the defendant, W. H. Ellinger's right, title and interest, the same being an undivided $\frac{7}{32}$ interest in and to one certain oil and gas lease dated December 1, 1921, executed by J. W. McConnell and wife, Girtha McConnell, lessors, in favor of R. A. Tipton, lessee, on all of the Southwest quarter of section 201 in block No. 3, of the lands originally granted to the I. & G. N. Ry. Co., except two acres in the form of a square out of the Southwest corner thereof and containing 150 acres of land be the same more or less, and located in Carson County, Texas, said lease being recorded in Vol. 27 on page 29 of the Deed Records of Carson County, Texas, and said attachment lien is hereby foreclosed on said property, and the same ordered sold to satisfy this judgment as under execution."

The record further shows that an order of sale was regularly issued out of justice court; that the sale was made thereunder, the sheriff's return thereon showing the sale of appellee's interest in the property to W. L. Woodward for the sum of $100, the sheriff's deed to W. L. Woodward, and the conveyance from W. L. Woodward to appellant, the Last Chance Gas Company. The citation by publication states that the plaintiff's demand is, in substance: "A suit to recover the sum of $200.00 for legal services rendered by plaintiff for defendant at the special instance and request of the defendant."

The appellant, by several assignments, all of which may be considered together, assails as error the action of the trial court in holding the judgment of the justice court void and rendering judgment against it for the interest in the property claimed by appellee, because the judgment of the justice court is not subject to a collateral attack, as it recites that "the defendant, though duly and regularly cited by publication to appear and answer herein as the law directs, came not, but wholly made default."

The appellee filed no brief in the case.

■■ This suit is, in effect, an action in trespass to try title, in which the appellant depends on the validity of the justice court judgment to show title, and appellee urges that such judgment is void because of want of jurisdiction in the justice court, to defeat appellant's title and to authorize the affirmative relief sought by him in the district court. It is, therefore, a collateral attack upon the judgment of the justice court. Brooks v. Powell (Tex. Civ. App.) 29 S. W. 809; Blaske v. Settegast, 58 Tex. Civ. App. 10, 123 S. W. 221. And appellee, at the close of the evidence, having dismissed as to Chas. C. Cook, who was plaintiff in the justice court judgment, did not have all the parties to such judgment before the District Court. Borders v. Highsmith (Tex. Civ. App.) 252 S. W. 271. A justice court, acting within its defined limits, is a court of general jurisdiction, and a judgment rendered within the scope of its powers cannot be collaterally attacked, and every presumption in favor of the validity of its judgment will be indulged. Williams v. Ball, 52 Tex. 603, 36 Am. Rep. 730; Holmes v. Buckner, 67 Tex. 107, 2 S. W. 452; Williams v. Haynes, 77 Tex. 283, 13 S. W. 1029, 19 Am. St. Rep. 752.

■ It is settled that the justice court in cause No. 653 had the power to decree a foreclosure of the attachment lien on the real estate and direct the sale thereof. Baker v. Pitluk & Meyer, 109 Tex. 237, 205 S. W. 982.

■■ If the judgment of the justice court was void, it was subject to collateral attack, but, if not void, it was not subject to the collateral attack made upon it in this suit. Hence, the question before us for determination is whether or not said justice court judgment was void.

"It is settled that a judgment of a court of competent jurisdiction can not be collaterally impeached unless the record affirmatively shows the want of jurisdiction. Even where a part of the record, the citation and its return, shows that service could not have been had, the judgment of a Justice of the Peace reciting that the defendant wholly made default, and that he 'was duly served with process,' was held not impeached. The judgment being the final act of the Court, its judicial finding imported absolute verity." Williams v. Haynes, 77 Tex. 283, 13 S. W. 1029, and authorities cited.

"It will be observed that most of these objections relate to failure of proper service upon these unknown heirs. In their brief in the Court of Civil Appeals, counsel for Chapman do not seek to justify the exclusion of this judgment upon any other ground than the fact that the papers in the case show a failure to comply with the requirements of the law as to service by publication upon unknown heirs. This contention of counsel cannot be sustained. This is a collateral attack upon a judgment of a court of competent jurisdiction. The judgment on its face recites due and legal service of citation. These recitals in the judgment in collateral attack cannot be contradicted by other portions of

the record. The judgment in this respect imports absolute verity." Chapman v. Kellogg (Tex. Com. App.) 252 S. W. 151.

Construing a cross-bill as a collateral attack upon the judgment of the county court, the Commission of Appeals, in Switzer v. Smith, 300 S. W. 31, says: "Since Treadway v. Eastburn, 57 Tex. 209, it has been the uniform holding of the courts in this state that, as against a collateral attack, the recitation of due service in the judgment proper is conclusive upon such matter, and may not be contradicted by other facts, whether appearing in the record or aliunde. Such recitation imports absolute verity. Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Gibbs v. Scales, 54 Tex. Civ. App. 96, 118 S. W. 188 (writ refused); Chapman v. Kellogg (Tex. Com. App.) 252 S. W. 151; Borders v. Highsmith (Tex. Civ. App.) 252 S. W. 270; Mariposa Mining Co. v. Waters (Tex. Civ. App.) 279 S. W. 576; Gillette's Estate v. State (Tex. Civ. App.) 286 S. W. 261; Barton v. Montex Corp. (Tex. Civ. App.) 295 S. W. 950."

It is held that the same presumption is indulged in favor of jurisdiction, where citation is had by publication, and seizure of property as in a case where personal service is had. In Stewart et al. v. Anderson et al., 70 Tex. 588, 8 S. W. 295, the Supreme Court says: "There has been much difference of opinion in courts, for whose decisions we have the highest respect, as to whether the same presumptions will be indulged in favor of jurisdiction where reliance is placed on citation by publication and seizure of property as will be where personal service, made within the territory over which the court has jurisdiction, is relied upon. It seems to us that there can be no substantial reason for holding, in the one case, that it must be affirmatively shown that such process as the law declares sufficient was properly executed, while, in the other, this will be presumed if the record does not show to the contrary. Whether the jurisdiction of a court be general or special cannot be made to depend upon the character of the process through which it acquires power over the person or thing to be affected by its final adjudication." To the same effect is the announcement of the law in Hardy et al. v. Beaty et al., 84 Tex. 562, 19 S. W. 778, 31 Am. St. Rep. 80; Iiams et al. v. Root et al., 22 Tex. Civ. App. 413, 55 S. W. 411.

The recitation in the judgment, that citation was by publication, is not a sufficient identity of the writ to bring this case under the holding of Fowler v. Simpson, 79 Tex. 617, 15 S. W. 684, 23 Am. St. Rep. 370, because the judgment in that case not only recited citation by publication, but identified the citation "by referring to its date, the return of the officer and the writ upon which the court's conclusion of lawful service of process was based. Instead of relying upon a presumption it points out the proof upon which its validity depends."

As stated in the case of Gibbs v. Scales et al., 54 Tex. Civ. App. 96, 118 S. W. 188 (writ denied): "If the judgment recites service of citation, then, in the absence of some recital identifying the precise writ upon which the Court acted, such as was contained in the case last cited [Fowler v. Simpson], we do not believe the judgment is subject to a collateral attack for lack of proper service." To the same effect is the holding in Jameson v. O'Neall et al. (Tex. Civ. App.) 145 S. W. 680; Young v. City of Colorado (Tex. Civ. App.) 174 S. W. 986.

In Sloan et al. v. Thompson et al., 4 Tex. Civ. App. 419, 23 S. W. 613, the court says: "The judgment affirmatively finds that 'proper service had been made by publication on the defendants.' This is conclusive of all questions as to service, as to publication of citation for the proper length of time, return, and every other essential to make and complete service by publication."

In Gillon et al. v. Wear et al., 9 Tex. Civ. App. 48, 28 S. W. 1015, the court says: "The recitation in the judgment that the parties were duly cited by publication imports absolute verity, and the same can not be attacked in a collateral proceeding."

The facts on the issue involved in this appeal were fully developed, and, under the authorities herein cited, we are of the opinion that the judgment of the justice court in cause No. 653 was not void, and its validity was not subject to collateral attack.

The judgment of the trial court is reversed in so far as it is involved in this appeal, and judgment is here rendered that appellant, the Last Chance Gas Company, have and recover of and from the appellee, W. H. Ellinger, title and possession to the $\frac{7}{32}$ interest in the property decreed to appellee by the trial court.