SARAH A. L. NORWOOD AND OTHERS v. SAMUEL S. COBB.

The defendant may impeach the judgment of another State, upon which he is sued, by averment and proof that he was not served with process, and did not appear in person or by attorney, although the record contain the return of process executed, and the judgment recite that he was served or appeared.

The authorities on this question cited, and shown to sustain the former deci-sion of the court in this case. (15 Texas Rep. 500.)

If the court had jurisdiction of the person of the defendant, the judgment imports absolute verity, and precludes further examination, unless fraudulently obtained; but if it had not jurisdiction, the proceedings lose the character of a record, and are not entitled to faith and credit as such; and this is open to examination.

The facility with which, by mistake or design, an absent defendant might be precluded by the recitals of the judgment, show the necessity of permitting him to impeach it, by proof that he was not served with process.

ERROR from Gonzales.  Tried below before the Hon. Fielding Jones.

This was a suit by Samuel S. Cobb, the defendant in error, as the administrator of William J. Norwood, deceased, against Sarah A. L. Norwood, the widow and administratrix, and the other plaintiffs in error, the children of George Norwood, deceased, on a judgment of the Chancery Court for the northern division of the state of Mississippi, in favor of William and Indiana Green, as the administrators of the said William J. Norwood, deceased, against the said George Norwood, in his lifetime, for two slaves, if to be had, and if not, for their value, amounting with hire, to the sum of $1752.25.

The only question in this case, was as to the right of a de-fendant sued upon a judgment from another State, to impeach it, by proof that he had not been served with process or notice, when, from the return by the sheriff of the process, copied in the transcript of the record, and from the recitals in the judgment entry, it appeared that he had been duly served.

*Stewart & Mills*, for the plaintiff in error.—This cause was previously before this court on precisely the same points, together with others, now presented, (Norwood v. Cobb, 15 Texas Rep. 500,) and it was then held, that the defendants below might show that George Norwood had no service or notice in the Mississippi suit, notwithstanding the transcript recited service; and further, that they might show it by parol.

The defendants below offered to show by four witnesses, that George Norwood had no service or notice of the Mississippi suit, which was refused. That this was error, see this case, 15 Texas Rep. 500 ; D'Arcy v. Ketchum, 11 How. (S. C.) 165 ; Story, Confl. Laws, § 609 ; 1 Greenl. Ev., § 548. It is only where the jurisdiction of the court, which rendered the judgment, is not impeached, either as to the subject-matter, or the person, that the record of the judgment is entitled to full faith and credit, under the act of 26th May, 1790. (1 Kent, Com. 261, note *c*.)

The defendants below offered to prove the material averments in their answers, filed at the Spring and Fall Terms, 1858 ; among others ; no service or notice in the suit ; no appearance or defence in the said suit ; that the judgment was fraudulent ; and the equitable considerations for opening the same ; all of which were refused. The defences presented on this trial, were not presented and disposed of by the decision of this case in 20 Texas Rep. 588. The points of service and notice were therefore not decided ; and while the defence of fraud was decided against plaintiffs in error then, as the case was presented, the grounds, as to the fraud, are *now* presented in a more definite and specific form, the proof of which we offered to give in evidence, but it was excluded.

Can it be, at this day, that a defendant cannot impeach the original justice of a judgment rendered against him in another state, by showing that the court had no jurisdiction ; or that he never had any notice of the suit ; or that it was procured by fraud ; or even bad by the local law ? We think the well-digested opinion of Lipscomb, J., in 15 Texas Rep. 505, puts the proposition at rest.

It will be seen by the bill of exceptions, that his Honor's view of the law, in cases like this, is, that if the transcript disclosed service on a defendant, parol evidence is inadmissible to show the contrary; thus following the rule in Ewer v. Coffin, 1 Cushing, 23, and a like principle in Wood v. Watkinson, 17 Conn. 300, and Roberts v. Caldwell, 5 Dana, 512, which held, that a recital of appearance cannot be traversed. It is due to his Honor, however, to say, that the decision of this case in 15 Texas Rep. 500, was not called to his attention at the trial.

*Parker & Wall*, for the defendants in error.—The third error assigned, is, that the court refused to hear evidence, going to show that there was no service on defendant, Norwood, in Mississippi. The allegation of want of service on Norwood, in Mississippi, is fully answered by the judgment itself, showing personal service on him; and there is no allegation of fraud in the officers of the court, so as to let in parol proof, to contradict the record of the judgment. (See Topp v. Branch Bank, 2 Swan, Rep. 184; 2 Am. Lead. Cases, 188, where the cases are digested and collated.) The record of a foreign judgment, cannot be contradicted by oral testimony. (1 Williams, 26; 3 How. 317; 2 Mich. 165.)

WHEELER, C. J.—The decision of the court, refusing to admit evidence in support of the plea, that there was no service of process, or notice to the defendant, in the Mississippi judgment, was directly contrary to the decision of this court in this case, when the record was before us on a former appeal. (Norwood v. Cobb, 15 Texas Rep. 500.) On examination of the authorities, cited in the opinion of the court on the former appeal, they are found not to be directly in point to the question, whether the judgment of another state may be impeached, by averment and proof of the want of service, where the record contains the return of process executed, and the record of the judgment recites, that the defendant was served with process, as in the present case. And as the case has again come before us on this

36

question, we have been induced to look further into the authorities, for cases directly in point, and we find them fully sustaining our former decision.   The authorities will be found collected, and the subject learnedly examined, in the notes to the leading cases of Mills v. Duryee, and McElmoyle v. Cohen, in the 2d volume of American Leading Cases, 3d edit., pp. 707, 729, 730, *et seq.*

As the question has been directly decided by this court, a review of the decisions is unnecessary.   It will not be out of place, however, to refer to some of the principal cases, as they were not referred to on the former appeal, which decide, that in order to show the want of jurisdiction of the court rendering the judgment, evidence may be received, to prove that no process was served upon the defendant, and that he did not appear in person, or by attorney, notwithstanding it is stated in the record, that the defendant appeared.

It was so decided by the Supreme Court of New York, in Starbuck v. Murray, 5 Wend. 148.   "It is strenuously contended," (said MARCY, J., in delivering the opinion of the court,) "that if other matter may be pleaded by the defendant, he is estopped from asserting anything against the allegation contained in the record.   It imports perfect verity, it is said, and the parties to it cannot be heard to impeach it.   It appears to me, that this proposition assumes the very fact to be established, which is the only question in issue.   For what purpose does the defendant question the jurisdiction of the court?   Solely to show that its proceedings and judgments are void, and therefore the supposed record is not in truth a record.   If the defendant had not proper notice of, and did not appear to the original action, all the state courts, with one exception, agree in opinion, that the paper introduced, as to him, is no record.   But if he cannot show, even as against the pretended record, that fact, on the alleged ground of the uncontrollable verity of the record, he is deprived of his defence, by a process of reasoning, that is, to my mind, little less than sophistry.   The plaintiffs in effect declare to the defendant: the paper declared on is a record,

because it says you appeared; and you appeared, because the paper is a record. That is reasoning in a circle. The appearance makes the record uncontrollable verity, and the record makes the appearance an unimpeachable fact. The fact which the defendant puts in issue, (and the whole current of state court authority, shows it to be a proper issue,) is the validity of the record, and yet it is contended, that he is estopped by the unimpeachable credit of that very record, from impeaching any one allegation contained in it. Unless a court has jurisdiction, it can never make a record which imports uncontrollable verity to the party over whom it has assumed jurisdiction, and he ought not, therefore, to be estopped by any allegation in that record, from proving any fact that goes to establish the truth of a plea, alleging a want of jurisdiction." (5 Wend. 157, 159.)

This decision was cited and approved by the same court, in the subsequent case of Shumway v. Stillman, 6 Wend. 453, where it was held, that though the record sets forth, that the defendant appeared by attorney, the defendant is at liberty to disprove the fact. (5 Wend. 448 : and see Merritt v. Clow, 2 Texas Rep. 582.)

So, in Aldrich v. Kinney, 4 Conn. Rep. 380, in an action on a judgment rendered in another state, evidence on the part of the defendant, that he had no legal notice of the suit, and did not appear, was held to be admissible, although the record of the judgment stated, that the defendant appeared by his attorney. These cases will suffice to show, that the former decision of the court in this case, is well supported by authority. There are cases which hold the contrary, but I think both the weight of authority and principle, are upon the side of admitting the evidence. (2 Am. Lead. Cases, 3d edit. 729, 730, 731.)

If the court had jurisdiction over the person of the defendant, the judgment imports absolute verity, and precludes all further examination; but if the court had not jurisdiction, the whole of the proceedings will lose the character of a record, and will not be entitled to faith and credit as such; and the question of juris-

diction is open to examination. This is the doctrine, I think, which the great current of authorities will be found to maintain.

When this case was last before us, this point, as to the admission of evidence to disprove the allegation of service, was not presented by the record, but the judgment was reversed, upon the ground that the record was not properly authenticated. (Norwood v. Cobb, 20 Texas Rep. 588.) There was no question raised upon that appeal, as to the jurisdiction of the court over the person of the defendant, and that being taken for granted, we held, as we now hold the law to be, "that the merits of the judgment were not open to examination, unless it had been fraudulently obtained; and we held, that the proposed evidence did not conduce to prove the allegation of fraud, in procuring the rendition of the judgment.

It appears by the record of the Mississippi judgment, that a *subpœna* was issued to three defendants, and was returned "executed," and without stating upon which of the defendants; and the judgment recites, that the plaintiff dismissed as to two of the defendants, and that the other defendant had been duly served with process, and failed to answer. There was no appearance for this defendant, against whom judgment was taken, for want of an answer. When it is considered, how liable the officer may be to make such a return of service, upon process thus directed to several, when he has served only a part of them, and how easy it would be for the plaintiff's attorney, to whom the preparation of the decree would be entrusted, or for the clerk, to recite in the decree, in the absence of the defendant, that he was duly served with process, the propriety of permitting him to impeach the decree, by proof that in truth he was not served with process, will be very apparent under the operation of an opposite rule; as was said in a case before cited, "a court could always sustain its jurisdiction, if it had any solicitude to do so; or rather the party who had the benefit of its decision, and who, by the practice of most tribunals, is entrusted with making the record, would not fail to put it beyond the power of his opponent to show a want of jurisdiction." (5 Wend. 160.)

It is to be regretted, that we cannot put an end to a litigation which has been so protracted. But we know of no principle, which would warrant us in refusing to revise an erroneous ruling, because it had been repeated in the same case. We are of opinion that the judgment be reversed and the cause remanded.

Reversed and remanded.