## W. S. CHUNN v. C. W. GRAY.

1. SUIT ON FOREIGN JUDGMENT—JURISDICTION.—In a suit upon a judgment rendered in another State, the record of such judgment may be contradicted as to the facts necessary to give the court jurisdiction, notwithstanding it may be recited therein that they exist.
2. JURISDICTION.—If it be shown in such suit that in fact jurisdiction did not attach, the judgment is a nullity.  ·
3. CASES APPROVED.—Norwood *v.* Cobb, 15 Tex., 500, and Norwood *v.* Cobb, 24 Tex., 553, cited and approved.

APPEAL from Fayette. Tried below before the Hon. L. W. Moore.

April 27, 1877, C. W. Gray brought suit in the District Court of Fayette county against W. S. Chunn, on a judgment alleged to have been rendered in the Circuit Court of St. Louis county, Missouri, on June 10, 1867, in a suit between the parties. A duly certified copy of the judgment and of the proceedings in the suit was filed with the petition as an exhibit.

May, 1877, the defendant answered, after a general demurrer and general denial, by amendment, that the judgment sued on was a nullity, because he had never been personally served with process, nor otherwise notified of the pendency of the suit of plaintiff against him in the Circuit Court of St. Louis county, Missouri, in which the judgment sued upon was rendered, and alleging that the return of the officer of service upon him was false, &c.; that after the rendition of the judgment sued upon, and in the year 1868, defendant and plaintiff had a settlement, in which plaintiff released all claim he had against defendant by virtue of said judgment, in consideration of defendant surrendering and giving up to plaintiff four promissory notes held and owned by the former against the latter, and that thus the said judgment had been paid off and discharged.

At the same term, the plaintiff interposed a general de-

murrer and special exceptions to the answer, in effect that the amended answer was defective—

1. Because it was not sworn to. .

2. Because it is incompetent to impeach and contradict the truth of the officer's return of service contained in the record of the judgment sued on.

3. Because the matter of settlement, &c., set up was no defense to plaintiff's action, because the same should have been litigated in the former suit, and was concluded by the judgment in that suit.

At that term, the court sustained the second of said special exceptions and overruled the first and third; to which ruling of the court in sustaining the second the defendant excepted.

At the May Term, 1878, defendant, with leave of the court, amended this answer so as to correct some misstatements; and on the 13th of May, 1878, the cause coming on for trial, the court, at the instance of plaintiff, again ruled upon the pleadings as at the former term. The cause was then tried before a jury, who returned a verdict for the plaintiff for $2,716.62; for which judgment was rendered. Defendant's motion for a new trial having been overruled, he appealed.

*Timmons & Brown,* for appellant.—The court erred in sustaining the special exception of plaintiff to defendant's answer, and in excluding the testimony of defendant to sustain the allegation of said answer, that there was no personal service, or other notice of the suit in which the judgment sued on was rendered, served upon defendant.

The judgment of no court is valid or binding unless it has jurisdiction of the subject-matter involved in the suit and of the person of the defendant. And the want of jurisdiction may be shown by proving the falsity of the officer's return of service, and this notwithstanding the judgment itself finds the fact of service. (Norwood *v.* Cobb, 15 Tex., 500; Norwood *v.* Cobb, 24 Tex., 553.)

[No brief for appellee reached the reporters.]

8

BONNER, ASSOCIATE JUSTICE.—The only question presented by the record in this case, is this: When a judgment of a sister State, rendered by default, which contains the recital that the defendant had been duly cited by personal service, is sued upon in this State, can the defendant contradict the record by denying that he had in fact been thus cited?

The proper construction of section 1 of article 4 of the Constitution of the United States, that "full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State," and of the act of Congress of May 26, 1790, which provides  *  *  *  "that said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them as they have by the law or usage in the courts of the State from which such records are or shall be taken," has given rise to irreconcilable conflict of opinion in the courts of the several States of the Union. In some, it is contended that judgments of sister States, like domestic judgments, should have "uncontrollable verity, which admits of no plea or proof to the contrary"; and in others, that as to the question of jurisdiction, from "necessity rather than reason," they should be open to inquiry. (Freem. on Judg., secs. 559–566.)

The Supreme Court of the United States, to which the final determination of such cases appropriately belongs, and its decision of which should have peculiar weight and binding authority, in the elaborate case of Thompson *v.* Whitman, 18 Wall., 457, reviews many cases upon this question, and announces the conclusion, that neither the constitutional provision nor the act of Congress prevents such inquiry into the jurisdiction of the court of another State, and that the record of such judgment may be contradicted as to the facts necessary to give the court jurisdiction, notwithstanding it may be recited therein that they did exist; and if it be shown that in fact such jurisdiction did not attach, the judgment is a nullity.

The previous decisions of this court sustain the same view.

(Norwood *v.* Cobb, 15 Tex., 500; Norwood *v.* Cobb, 24 Tex., 551.)

For the error in the court below, in sustaining exceptions to this defense, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.