## ANNIE WILLIAMS v. T. H. HAYNES.

### No. 6465.

1. **Collateral Attack.**—The judgment of a court of competent jurisdiction can not be impeached in a collateral proceeding unless the record shows affirmatively the want of jurisdiction.

2. **Same.**—In a collateral proceeding evidence of fraud *aliunde* the record can not be heard to dispute the judgment, even when the fraud consists in obtaining jurisdiction.

3. **Case Distinguished.**—This case distinguished from Glass v. Smith, 66 Texas, 549; in that case the injunction was a direct proceeding to vacate the judgment, and the judgment contained no recitation that Glass appeared.

APPEAL from Lamar. Tried below before Hon. H. O. Head.

This suit was brought by the appellant, Mrs. Annie Williams, a widow, against appellee, in form of trespass to try title, and for damages. Plea of not guilty filed by defendant. The judgment was for defendant, and plaintiff appealed. The court filed conclusions of law and fact. There is no statement of facts. The court's findings are as follows:

"1. I find that on the 2d day of May, 1882" (the day of the alleged trespass), "the plaintiff Annie Williams was the owner in fee simple of the land in controvesy.

"2. I find that on February 21, 1881, a suit was instituted in justice of the peace court, precinct No. 7, of Lamar County, Texas, in the name of John W. Williams and Annie Williams, the plaintiff herein, as plaintiffs, against one Thomas N. Moore as defendant, on an account for $128" (for which judgment was rendered for plaintiff against defendant on June 4, 1881, and all costs of suit, and against each party for the costs incurred by them), "and that in same case David Allen and D. Maury were summoned as garnishees, the cases against them docketed separately, and that thereafter, on the 3d day of September, 1881, judgment was rendered in each of said garnishment cases dismissing the same by order of plaintiff's attorney, and rendering judgment against the plaintiff in each of said cases for all the costs therein.

"3. I find that each of said suits and all proceedings therein, notwithstanding they all recite that plaintiff appeared, were in fact without the knowledge of plaintiff Annie Williams, and without authority from her or any legally authorized agent of hers.

"4. I find that on the 3d day of March, 1882, executions were regu-

larly issued on each of said judgments for costs therein, and after regular levies and notices the land in controversy was sold thereunder for a valuable consideration, and defendant claims by regular chain of transfers under this sale.

"5. I conclude and find that said judgments and sale thereunder can not be collaterally attacked in this suit, and that the defendant is entitled to judgment herein for the land in controversy and all costs."

The errors assigned are that the court erred in his conclusions of law in not rendering judgment for the plaintiff, and in holding that the judgment was binding upon Mrs. Williams, she having been made a party by fraud and without her knowledge or consent, and holding that the judgment could not be collaterally attacked by her.

*D. K. Fooshee,* for appellant.— 1.    A court acquires jurisdiction over a plaintiff by his voluntary submission of a real or supposed cause of action to its determination.    Glass v. Smith, 66 Texas, 548; Fergerson v. Crawford, 70 N. Y., 253.

2.    A judgment rendered by a court without jurisdiction over the person or subject matter is a void judgment and can be attacked anywhere. Rodriquez v. Lee, 26 Texas, 32; Fergerson v. Crawford, 70 N. Y., 253.

*Hale & Hale,* for appellee.— The judgment under which the land was sold was not void, and appellant could not attack appellee's title collaterally.    Guilford v. Love, 49 Texas, 744; Johnson v. Wilcox, 53 Texas, 421; Tennell v. Breedlove, 54 Texas, 540; Fitch v. Boyer, 51 Texas, 336; Lawler v. White, 27 Texas, 250; Black v. Epperson, 40 Texas, 179; Willis v. Ferguson, 46 Texas, 502; Steagall v. Huff, 54 Texas, 196; Taylor v. Snow, 47 Texas, 464; Freem. on Judg., secs. 116, 132, 134; Davis v. Robinson, 70 Texas, 394.

COLLARD, JUDGE.—The law as it has been announced in numerous decisions in this State is against the claim set up by appellant.

It is settled that a judgment of a court of competent jurisdiction can not be collaterally impeached unless the record affirmatively shows the want of jurisdiction.    Even where a part of the record—the citation and its return—shows that service could not have been had, the judgment of a justice of the peace reciting that the defendant wholly made default and that he "was duly served with process" was held not impeached.    The judgment being the final act of the court, its judicial finding imports absolute verity.    Evidence of fraud *aliunde* the record can not be heard to dispute the judgment, even where the fraud is in obtaining jurisdiction. The following are some of the cases decided in this State holding the foregoing doctrines:    Murchison v. White, 54 Texas, 78; Fleming v. Seeligson, 57 Texas, 524; Odle v. Frost, 59 Texas, 684; Watkins v. Da-

vis, 61 Texas, 414; Mikeska v. Blum, 63 Texas, 44; Treadway v. East-
burn, 57 Texas, 209; Long v. Brenneman, 59 Texas, 210.   There are
many other cases more or less in point which we need not cite.

Treadway v. Eastburn, *supra,* extends the doctrine to the limit that
where the judgment recites that the party was served the fact can not be
disputed by the return of the citation.   This case was followed by the
Commission of Appeals in Davis v. Robinson, 70 Texas, 394.   The doc-
trine is not singular.   Freem. on Judg., sec. 132.

We have been cited by appellant to the case of Glass v. Smith, 66 Texas,
549, as holding a contrary doctrine.   Smith recovered judgment in a Jus-
tice Court for a yoke of oxen, in which Glass, the defendant, acquiesced.
"Some person, without authority from Glass, without his knowledge
and contrary to his wish, but in his name," took the case to the District
Court by certiorari, where Glass failing to appear, judgment was entered
against him by default for the oxen, and on his failure to return them,
for their value, $50.

Execution was issued and levied on land in another county, which was
sold; then another execution was issued and levied on personal effects of
Glass, who sued out an injunction to restrain the enforcement of the
judgment.   It was shown that Glass was authorized to believe that no
adjudication would be had on the proceeding.   The injunction was dis-
solved, and on appeal it was perpetuated, the court holding that the court
not having jurisdiction of the person of Glass in the certiorari the judg-
ment was a nullity.   For aught that appears in the record there was no
occasion to hold that the judgment was a nullity to sustain the injunc-
tion restraining its collection under the statute which requires such suits
(on voidable judgments) to be brought within one year from the time of
the rendition of the judgment, certain exceptions being named.   Sayles'
Civ. Stats., art. 2875, and note.

Our opinion is the injunction was a direct proceeding between the orig-
inal parties to vacate the judgment and forever prevent its enforcement,
in which case the opinion would not be inconsistent with other cases cited
which refer only to collateral proceedings.

But be this as it may, the judgment enjoined did not recite any appear-
ance for Glass.   In the case before us the judgments recite that plaintiff
did appear, and that it was at her instance and the instance of her co-
plaintiff that the suits were dismissed.

These judgments are controlled by the law as announced in Treadway
v. Eastburn, *supra;* they "import absolute verity," and are not subject to
collateral attack.   Many objections might be made to the principle by
which we are controlled in making this decision; but it must be remem-
bered that Mrs. Williams had the right to set aside these judgments by
direct proceeding.   She has not availed herself of this privilege, preferring

rather to treat the judgments as void, a conclusion which the law will not sustain.   The judgment of the court below should be affirmed.

*Affirmed.*

Adopted May 13, 1890.