The sole and decisive question for our determination on this appeal is as to the validity of the judgment of the County Court of Mitchell County, rendered on the 18th day of January, 1883, upon service by publication, in cause No. 27, pending in said court, wherein W.H. Snyder was plaintiff and S.P. and John Crockett, composing the firm of S. P. Crockett Co., were defendants, in personam, for $904.83, and the consequent validity or not of the subsequent execution, levy, and sale of the land in controversy thereunder, as well as the sheriff's deed, under all of which the appellees claim said land and recovered it in the court below. There is no statement of facts, but the record brings up the trial judge's conclusions of fact and law. It does not appear that the above mentioned judgment contained any recitation or finding of the manner in which the citation was made, or of its character. The records of that court, however, as found by the court below, showed that it was by publication on an affidavit that the residence of the defendants was unknown, not that they, or either of them, were nonresident or absent from the State. There was no fact affirmatively appearing on or disclosed by the record showing, according to the findings of the district judge, that the defendant S.P. Crockett, who is admitted to be the common source of title and who owned the land when said suit was filed, was a nonresident of this State. The following are the conclusions of law found by the District Court on the above state of the case, viz.:
"The record in the cause No. 27, W.H. Snyder v. S. P. Crockett Co., not showing affirmatively that the defendants were nonresidents of the State, in a collateral proceeding it will be Presumed that the court rightfully exercised jurisdiction, nor can a fact rendering such judgment invalid be shown by parol or by evidence aliunde the record. I therefore conclude that said judgment was not void, and it can not be attacked in this case.
"The title of defendants being the older one they are entitled to judgment in this case."
Since the decision of the Supreme Court in Guilford v. Love,49 Tex. 715, the County Court has been uniformly held to be a court of record and of general jurisdiction in its appropriate sphere, under the Constitution and laws. Its judgments, therefore, on collateral attack *Page 679 
are entitled to all of the absolute presumptions that obtain in favor of the judgments of other domestic courts of general jurisdiction. Where the case is within the jurisdiction of the court and no fact appears affirmatively in the record sufficient to defeat the jurisdiction, evidencealiunde, even where the judgment is silent as to the process or its service, will not be heard to contradict the presumption of regularity or to establish a fact outside of the record for the purpose of showing that jurisdiction over the former did not in fact attach and thus impeach the judgment, if the judgment itself finds and recites a valid notice or citation and service that controls the balance of the record, otherwise if it recites an invalid citation, or names the precise character thereof. If the judgment is silent, then the whole process in the record may be examined. This is as far as the courts can go when the proceeding is collateral. These rules of decision are too well established in this State to need any further discussion. Murchison v. White, 54 Tex. 85; Treadway v. Eastburn, 57 Tex. 209; Fowler v. Simpson,79 Tex. 611; Wilkinson v. Schoonmaker,77 Tex. 615, and authorities cited.
As to the admission of evidence aliunde there is now a recognized exception where the judgment assailed is that of a court of a justice of the peace and where such judgment is silent as to the fact of notice (Wilkinson v. Schoonmaker,supra), but this does not obtain when the judgment is that of a court of record and of general jurisdiction. It follows that as the records of the County Court do not affirmatively show that S.P. Crockett was a nonresident of this State when the citation was made, that the rulings of the court below in holding that the judgment of the County Court of Mitchell County was valid and binding in so far as the question of notice was concerned, and that it could not be collaterally impeached by proof of facts dehors the record, were correct. This conclusion is not in conflict with the doctrine of Pennoyer v. Neff, but is based entirely upon the absolute presumptions which the law indulges in support of a judgment of a domestic court of general jurisdiction and of the verity of its records. It must now be regarded as the settled rule of decision in this State that when applicable the chief principle announced in Pennoyer v. Neff will be observed, and that when it affirmatively appears from the record that a purely personal judgment has been rendered against a nonresident, and citizen of another State, without appearance or waiver by him, upon citation by publication alone, or by process beyond the State, such judgment can not be enforced and is subject to collateral attack. This is the extent to which the decisions in this State go. Northcraft v. Oliver, 74 Tex. 169; Scott v. Streepy,73 Tex. 547; York v. The State, 73 Tex. 651
[73 Tex. 651]; Kimmarle v. Railway, 76 Tex. 695
[76 Tex. 695].
This rule of decision, however, can not, as we have seen, be invoked in this case, because unsupported by the records of the County Court. *Page 680 
Traylor v. Lide, 7 S.W. Rep., 61. But the appellant further contends that, admitting that the citation was valid against the firm of S. P. Crockett Co., it did not authorize "personal judgment and execution," as was done, against S.P. Crockett individually, because "he was sued as a partner," but "was never actually served with citation." As we understand this contention, as its meaning is further disclosed by appellant's proposition and statement in connection therewith, he contends that under articles 1224 and 1346 of the Revised Civil Statutes (in both of which the words "actually served" are used) no valid judgment can be given against the individual partner or his estate unless he is "actually served" with process in person. What we have already said as to the validity of the citation by publication against one presumed to be within the jurisdiction of the court and the State in effect answers this proposition. Personal service is not shown to have been required by law. It is evident that it is to that character of service that the statutes just quoted more especially apply. Articles 1235, 1237, and 1443 regulate the ground for and the form of the citation when by publication. When perfected, judgment is to be entered "as in other cases" where the service is personal — from which, of course, it would follow that if only one of the partners when the suit is against a firm has in fact been cited (not actually served in person) by the publication, no personal judgment or execution could legally be awarded against the other partner not so cited any more than could be done where the proceeding is upon personal service. Rev. Stats., arts. 1264, 1345. But there is nothing in the record before us to support this view of the subject, supposing it to be a part of the appellant's contention. We have been unable to discover any fact in the record of the County Court as found by the trial judge that would warrant the inference that S.P. Crockett was not cited to appear and defend the suit by the publication of the writ. The record on this appeal contains no copy of the writ of citation, hence we are not advised of its exact form. The trial judge found that the citation by publication issued on an affidavit that the residence of the defendants "was unknown to affiant," and was duly executed. We must presume, therefore, that it was in due form of law and cited each of the two defendants composing the firm. If S.P. Crockett was named in the writ and required to appear, as must be presumed, though only as a member of the firm, yet the publication of the writ in a suit against the firm where the partners were jointly liable, we think, under the provisions of the law cited, amounted to service upon or notification to him sufficient, in a case where the citation was by publication, to authorize the judgment and execution against him individually as well as against the firm, as was done. The publication of the writ, "actually served" him in the meaning of the law.Rev. Stats., arts. 1224, 1346. *Page 681 
We have disposed of all of the questions raised by the appellant, and adversely to him. We therefore recommend that the judgment of the District Court shall be affirmed.
Affirmed.
Adopted May 5, 1891.