## BEARD v. CLARK.
### No. 10089.

Court of Civil Appeals of Texas. Galveston.

May 9, 1935.

James J. Shaw, of Houston, for appellant.

Simmons & Arnold and Robert G. Reeves, all of Houston, for appellee.

GRAVES, Justice.

This statement of the nature and result of the suit is copied partly from the briefs of each party here:

"W. A. Clark instituted a suit in the district court of Muskogee County, Okla-homa, to recover damages for personal injuries he suffered in an automobile collision between his car and a truck. The accident occurred near Waggoner, Oklahoma. The suit was against Barclay Tunstall, the alleged driver of the truck, W. M. Tunstall, the alleged owner of the truck, and D. A. Beard, the alleged principal, employer, or master, of the said W. M. Tunstall and Barclay Tunstall in the operation of the truck, all three of whom were alleged to be residents of Texas. Default personal judgments were rendered against each of these three defendants individually and severally, no one of them having appeared in person or by attorney. Execution was issued in these judgments, but no property was found in Oklahoma belonging to these three defendants, since they were all residents of Texas.

"The instant suit was instituted in the district court of Harris County, Texas, on the foreign Oklahoma judgments, above described. This suit was against W. M. Tunstall, Barclay Tunstall, D. A. Beard, and the American Fidelity and Casualty Company, as insurer of D. A. Beard. Plaintiff filed his first amended original petition on May 16, 1933, and by leave of court dismissed the American Fidelity and Casualty Company from the suit without prejudice.

"Defendant D. A. Beard answered by general demurrer, general denial, and, especially, in substance:

"(1) That if the district court for Muskogee County, Oklahoma, had rendered the personal judgment against him, as recited in plaintiff's petition, such judgment was void and of no effect as to him, because that court was wholly without jurisdiction to render a personal judgment against him, for the reason that at the time of the alleged accident, and at all times prior and subsequent thereto, he was a resident citizen of the State of Texas, and was not personally served with process in such suit, either within the State of Oklahoma, or the State of Texas; that he had not waived issuance of service of process upon him, and that he did not appear in that cause personally, or by attorney.

"(2) That the truck alleged by plaintiff to have caused his damages was not owned in whole or in part by him, and that he had no interest therein; that W. M. Tunstall and Barclay Tunstall were not in his

employ and were not acting as his agents, servants, or representatives, at the time of the alleged accident; that he had no control or rights of control over those defendants, nor over the truck, either before or at the time of the alleged collision, but that W. M. Tunstall or Barclay Tunstall owned the truck, and operated the same, at their own expense and under their own direction, management, and control, and subject to their own responsibility.

"The case was tried before the Honorable Roy F. Campbell without the aid of a jury, and judgment was rendered on July 14, 1933, against each of the three remaining defendants, jointly and severally. Appellant, D. A. Beard alone excepted, gave notice of appeal, and made appeal bond. The other two defendants did not, except, give notice of appeal, or make appeal or supersedeas bond. Therefore, this case is before this court for review only in so far as the appellant D. A. Beard is concerned."

In support of its judgment the court below filed findings of fact containing, in addition to what the quoted statement has shown, these findings:

"Second: That citation and process was had on the said D. A. Beard, in conformity and accordance with and as provided by section 10137, C. O. S. 1921, as amended by chapter 50, art. 12 of the 1931 Session Laws of the State of Oklahoma. * * *"

"Sixth: That the cause of action of the plaintiff, W. A. Clark, was duly proved up by an exemplified copy of all the proceedings had in the district court in and for Muskogee County, State of Oklahoma, as required by the laws of the State of Texas and the statutes of the United States relating to suits on judgments of sister states."

It thus appears upon the face of the record below that, although appellant neither owned nor drove the motor vehicle with which the appellee's auto collided, nor was ever in the state of Oklahoma in connection therewith, being at all times without that state and a resident of Texas, the Oklahoma judgment sued upon against him in Texas was rendered in Oklahoma upon service obtained by the appellee's leaving a copy of the summons in the suit there, together with a fee of $2, in the hands of the secretary of state of Oklahoma, and by sending to the appellant in Texas a copy of such process, all as being in compliance with subdivision 1 of this Oklahoma statute, cited by the trial court, supra, which, with italics added here to emphasize this court's construction of it, is as follows: "Section 10137-1. (1). The acceptance by a non-resident of the rights and privileges conferred by Section 10137, as evidenced *by his operating* a motor vehicle thereunder, upon the roads and streets of this state for any private use or purpose, *or the operation by a non-resident* of a motor vehicle on a public road, highway or street in the state for business or commercial purposes, shall be deemed equivalent to an appointment by such non-resident of the Secretary of State of this state, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him, growing out of any accident or collision in which said non-resident may be involved *while operating a motor vehicle*, on such public road, highway, or street, and said acceptance *or operation* shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served upon him personally."

The appellee neither alleged in Oklahoma nor at Dallas that appellant Beard operated or was operating the truck with which his automobile collided, on the contrary charging in both petitions that W. M. Tunstall was the owner of the truck, that Barclay Tunstall was operating it at the time of the accident, and that they both had been employed by the appellant as his agents to operate it in hauling 36 bales of cotton from Waggoner in Oklahoma to Houston in Texas; it self-evidently appears, therefore, that the first part of the quoted statute relating to the operation of a motor vehicle for any private purpose has no application, limiting consideration here to the second part having to do with its operation for business or commercial purposes only.

█ Upon the whole facts thus appearing, it is the conclusion of this court that the appellee's petition in the Oklahoma court upon its face shows that that court, upon a proper construction of this statute of that state before it, was without jurisdiction to render the judgment it did against this appellant, in that he had not been served as required by the law of that state, wherefore, the judgment is void as to him and will not be enforced by the courts of this state.

█ Preliminarily to the assignment of specific reasons for this conclusion, it may be noted that the well-settled construction of the full faith and credit provision of the Federal Constitution (Const. U. S. art. 4, § 1) is that, when the judgment of a sister state thus goes a visiting among its confreres, it (1) neither carries the badge of conclusiveness as to jurisdiction over the ·person sought to be bound thereby on his own heath (26 Tex. Jur. page 445, para·graph 591, and footnote cited authorities), nor (2) can it be accorded higher standing there than it had back at home (Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Harding v. Harding, 198 U. S. 317, 25 S. Ct. 679, 49 ·L. Ed. ·1066).

No Oklahoma appellate court opinion construing this statute has ·been cited; indeed, both sides concede that none is extant; wherefore, on recourse to other jurisdictions, it is found that both Texas and New York had statutes on a complete parity in legal effect with the one here under review, and in the cases of O'Tier v. Sell, 252 N. Y. 400, 169 N. E. 624, and Morrow v. Asher, 55 F.(2d) 365, the Court of Appeals of New York and the United States District for the Northern District of Texas, respectively, both held such a statute to mean that a nonresident could ·not be served in the manner therein prescribed, unless he was not only the owner of the offending car, but was himself personally operating it within the foreign state at the time of its participation in the accident; significantly, too, the Legislatures of both these states have, since the rendition of the opinions therefrom cited, amended the statutes therein so construed so that they thereafter expressly and specifically in effect provided that such owner might ·thereafter be so summoned if his ·car when participating in the accident in ·another state was at the time being operat·ed either by him or his agents, servants, ·or employees. See Salzman v. ·Attrean, ·142 Misc. 245, 254 N. Y. S. 288; Gesell v. ·Wells, 229 App. Div. 11, 240 N. Y. S. 628; Id., 254 N. Y. 604, 173 N. E. 885; Ver·non's Ann. Civ. ·St. of Texas, art. 2039a.

The construction put by these New York and Texas courts upon the legal equivalent ·of the language used in the statute under review is regarded by this court as sound, especially under the strict construction rule that is quite generally applied to acts sub·jecting a person to a liability to which he was in nowise theretofore subject. Perry v. Arguelles et al. (Tex. Civ. App.)· 246 S. W. 760; Rodgers v. Tobias (Tex. Civ. App.) 225 S. W. 804.

The opinions of the courts cited, supra, happily express the controlling consideration in interpreting the meaning of the word "operate" when they say, in substance, that it is used throughout the statutes there under review as signifying a personal act in working the mechanism of the car; that is, the driver operates the car for the owner, but the owner' does not operate the car unless he drives it himself.

The fact that the Legislature of the two states mentioned have themselves thereafter recognized the constructions placed by their courts in the cases cited by amending the several acts to conform thereto is itself entitled to some weight in appraising the meaning of the acts as originally enacted. It would therefore seem that under these amended statutes in New York and Texas the actual owner of a motor vehicle, even though not physically operating it himself, may be properly sued and served there, if it is being operated by his agents, servants, or employees, or with his permission express or implied; but even then that situation would not apply here, because, as shown, this nonresident appellant was not even the owner of this truck; wherefore, this statute to hold him would have to go that much further than even the amended statutes of New York and Texas have undertaken to go.

While the subject is an interesting one, further discussion is foreborne upon the conclusion stated.

█ For another reason, however, the appealed from judgment cannot be permitted to stand; it further undisputedly appeared that, in pursuit of his defenses noted, ·supra, the appellant offered competent evidence tending to show that Barclay Tunstall was not in truth or in fact employed by him as agent, servant, or em·ployee in the operation of the car in Oklahoma, which the trial court excluded. This was clear· error, because that testimony tended to ·show that a jurisdictional ·fact made necessary under the very pleading of the appellee himself to the entry of this judgment by the Oklahoma court did not exist; under all the authorities, therefore, it was receivable for that purpose. Cooley's Constitutional Limitations (8th Ed.) vol. 1, at page 59; 26 Tex. Jur. p.

445, par. 591; Norwood v. Cobb, 24 Tex. 551; Chunn v. Gray, 51 Tex. 112.

It follows from the first of these announced conclusions that the judgment must be reversed and the cause here rendered in appellant's favor, which is accordingly done; under the second of them it would otherwise require a reversal and remanding of the cause for another trial.

Reversed and rendered.