**Eli E. KAPHAN, Appellant,**

v.

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellee.**

**No. 17094.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 30, 1978.

Rehearing Denied April 27, 1978.

Houchins & Tasker, Kenyon Houchins, Houston, for appellant.

Law Offices of Adolph Uzick, Robert L. Lipstet, Houston, for appellee.

COLEMAN, Chief Justice.

The Fidelity and Deposit Company of Maryland, the surety on Eli E. Kaphan's bond as guardian of the estate of Edna Kaphan, brought suit against Eli E. Kaphan to recover money which it paid to the successor guardian of Edna Kaphan by reason of a shortage in the guardianship account. The judgment for the plaintiff was entered on a jury verdict. The judgment will be affirmed.

On the 8th day of September, 1971, Eli E. Kaphan was appointed guardian of the person and estate of Edna Ada Kaphan, alleged to be a person of unsound mind. He made a written application to the Fidelity and Deposit Company of Maryland requesting that company to execute as surety his guardian's bond. This application was in the form of a contract executed by Eli E. Kaphan. In the contract, Kaphan agreed: "to indemnify the company against all loss, liability, cost, damages, attorney's fees and expenses whatever, which the company may sustain or incur by reason or in consequence of having executed said bond; third, that the company shall have the right and is hereby authorized but not required, to adjust, settle, or compromise any claim, demand, suit, or judgment upon said bond, unless I shall request the company to litigate such claim or demand or defend such suit or to appeal from such judgment,—."

On the 27th day of June, 1974, the court on its own motion removed Eli E. Kaphan as guardian for failure to file an annual account as required by Section 400 of the Probate Code of Texas. On the 24th day of July, Jack E. Withem was appointed guardian of the estate and person of Edna Ada Kaphan. He had represented Eli E. Kaphan while Kaphan was acting as guardian. Thereafter, Kaphan was ordered to file a final accounting. The order required him to appear on October 17, 1974, at 9:30 A.M. and show cause why he should not be required to file a final account.

An instrument purporting to be a final account was prepared by Withem and was executed by Kaphan and filed with the probate court. On October 31, 1974, a hearing was held on Kaphan's final account. The account showed the sum of $9,993.54 as "unaccounted for". On October 31, 1974, the court considered the account and allowed certain unauthorized expenditures, together with statutory compensation to the guardian, and found a net amount unaccounted for in the sum of $8,633.33. The court considered the account filed to be an annual account and refused to approve it. In the same order, he found the net amount of the deficiency and entered a judgment against Eli E. Kaphan and Fidelity and Deposit Insurance Company of Maryland in favor of the successor guardian in the sum of $8,633.33.

Mr. Williams, the claims attorney for the plaintiff, testified that after the judgment was entered he talked to Mr. Kaphan about paying the judgment. Mr. Williams determined that Mr. Kaphan lacked the funds to pay off the judgment and after receiving a demand from the successor guardian, paid the judgment in full. Mr. Kaphan did not testify, and there is no evidence that he requested the company to litigate the claim or to appeal the judgment.

Mrs. Kaphan subsequently died, and Mr. Kaphan was her sole heir. On the trial of this case, the jury found that Kaphan was indebted to Fidelity and Deposit Company of Maryland in the sum of $8,633.33, and that $1500.00 would be a reasonable attorney's fee. Judgment was entered in favor of the plaintiff on the findings of the jury.

Appellant contends that the judgment of the probate court against him and the plaintiff was void.

■ The plaintiff alleged his contractual right to adjust, settle or compromise a claim made against it on the bond. There is evidence of a claim under the bond, payment of the claim and the failure of Kaphan to repay the sum paid by it in settlement of the claim. Kaphan did not allege or prove the failure of the company on request to litigate the claim. He asserted

fraud in the preparation of the final account on his behalf, but did not allege that the company had any connection with or knowledge of the fraud. It was not alleged or proven that Kaphan did not, in fact, sign the account. Notice of the hearing on the show cause order was published by posting and a personal citation was ordered served on Kaphan and the surety on his bond.

The plaintiff's action, based on the promise contained in the application for bond, was established by undisputed facts. Kaphan failed to plead or prove a defense to this cause of action. He did not request issues of fact to be submitted to the jury which would establish a defense. The judgment entered can be sustained on this ground alone.

■ The defenses asserted by Kaphan are based on their contention that the probate court's judgment establishing the amount of the indebtedness to the estate was void. This is a collateral attack on that judgment in that it is an attempt to avoid its binding force in a proceeding not instituted for such purpose. *Akers v. Simpson,* 445 S.W.2d 957 (Tex.1969). The judgment of a court of general jurisdiction is not subject to collateral attack except on the ground that it had no jurisdiction of the person of a party or his property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *Austin Independent School District v. Sierra Club,* 495 S.W.2d 878 (Tex.1973).

■ The probate court order of October 31, 1974, requiring the repayment of the sum of $8,633.33 to the estate of Edna Ada Kaphan recites that "such citation as is required by law has been accomplished". A judgment which contains on its face all of the plain jurisdictional recitals must be accorded absolute verity against a collateral attack. *Akers v. Simpson,* 445 S.W.2d 957 (Tex.1969); *Donaldson v. First State Bank of Abernathy,* 352 S.W.2d 302 (Tex.Civ.App. —Amarillo 1961, writ ref'd n. r. e.). The probate court had jurisdiction to enter an order requiring the guardian of an estate

pending in the court to restore to the estate money improperly diverted from the estate. *Currie v. Drake,* 550 S.W.2d 736 (Tex.Civ. App.—Dallas 1977, writ ref'd n. r. e.)

■ In *Glenn v. Dallas County Bois D'Arc Island Levee District,* 268 S.W. 452 (Tex.1925), the court held that a collateral attack against a judgment by a party to it cannot be sustained upon the ground that a third person or one of the parties has been guilty of false swearing or fraudulent representation in inducing it. The court said:

"Upon the question of the effect of fraud in avoiding a transaction, much confusion has * * * arisen from want of proper limitation upon the maxim that fraud vitiates everything, even the solemn judgments of a court of record. The fraud of a party does not render the transaction absolutely void within itself, but simply affords the ground to have it declared void by a proper proceeding for this purpose. * * * "

The court quoted from *Williams v. Haynes,* 77 Tex. 283, 13 S.W. 1029, as follows:

"Evidence of fraud *aliunde* the record cannot be heard to dispute the judgment, even where the fraud is in obtaining jurisdiction."

■ The appellant argues that the order of the probate court was void since it is a personal judgment in favor of Jack Withem, not a party to the proceedings. The Texas Probate Code, Section 222(c) provides that the order of removal shall require, as to all the estate remaining in the hands of the removed person, delivery thereof to the person or persons entitled thereto, or to one who has been appointed and has qualified as successor representative. Jack Withem was the successor representative and the probate court properly required Kaphan to pay the amount of the judgment to Jack Withem in his representative capacity.

■ The annual accounting filed on behalf of Kaphan together with the show cause order issued by the probate court constituted pleadings sufficient to invoke the jurisdiction of the court upon the subject matter determined by the judgment.

The judgment rendered by the probate court based upon the deficiency found in the annual accounting was not void. *Edwards Feed Mill v. Johnson,* 158 Tex. 313, 311 S.W.2d 232 (1958).

Appellant's assignments based on the premise that the judgment of the probate court requiring Kaphan to make restitution to the estate of Edna Kaphan is void and cannot be sustained.

■ The appellant complains of the court's submission of Special Issues 1 and 2. No objections to the charge of the court are found in the transcript. This point is waived. *Houston Belt and Terminal Railway Company v. Wherry,* 548 S.W.2d 743 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n. r. e.).

The judgment is affirmed.