Opinion issued December 15, 2011.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01151-CV

———————————

Mark McShaffry, Appellant

V.

LBM-Jones
Road, L.P., LBM-Jones Road, G.P., Inc., Lee Gittleman, WDJ Management, L.L.C.
& Gerald Peter Jacob, Appellee



 



 

On Appeal from the 125th Judicial District Court

Harris County, Texas



Trial Court Case No. 2010-00130A

 



 

MEMORANDUM OPINION ON
REHEARING

McShaffry appeals a summary judgment entered in favor of LBM‑Jones
Road, L.P., LBM-Jones Road, G.P., Inc., Lee Gittleman, WDJ Management, L.L.C.,
and Gerald Peter Jacob (collectively, “LBM”).  At trial, LBM moved for summary judgment on
the basis of the res judicata and collateral estoppel effect of a county court
judgment involving these parties and subject matter.  

Appellant
Mark McShaffry has moved for rehearing.  We grant rehearing, withdraw our
opinion and judgment of October 27, 2011, and issue the following in their
stead.  Our disposition of the case
remains unchanged.  We
conclude that McShaffry briefed the res judicata issue but does not address any
error in the judgment based on collateral estoppel.  The trial court’s summary judgment can stand
on the issue that McShaffry did not brief. 
We further conclude that the trial court properly granted summary
judgment on res judicata grounds.  We
therefore affirm.

Background

LBM
leased commercial property on Jones Road to Zephyr Fallbrook Partners, L.P.
(“Zephyr”) for the purpose of operating a pizza restaurant.  Mark McShaffry, David Gerow and Jonathan
Brindsen signed the lease as guarantors in the event of a default.  In a separate contribution agreement,
McShaffry, Brindsen and Gerow agreed to certain obligations and rights as partners
of Zephyr.  Zephyr became insolvent and
defaulted on its lease obligations to LBM. 

In
January 2007, LBM sued Zephyr in Harris County Civil Court No. 3 for breach of
the lease agreement and sued Gerow, McShaffry and Brindsen as guarantors on the
lease.  Although all defendants appeared and
answered the suit, McShaffry and Gerow did not appear for trial.  At that bench trial, the county court heard
testimony from Gerald Jacob, a principal in the company that manages and leases
property on behalf of LBM.  Jacob
testified about the status of the leased property and the damages for a default
under the lease.  The county court then
entered a final judgment in favor of LBM for $675,563.37, holding Gerow and
McShaffry jointly and severally liable as guarantors on the lease.  The final judgment dismissed Zephyr and
Brindsen from the lawsuit.  

Pursuant
to a settlement agreement, LBM assigned Brindsen the county court judgment.
After efforts to collect the judgment from McShaffry were unsuccessful, the
court appointed a receiver to collect the county court judgment. 

In
April 2010, McShaffry filed this lawsuit in district court. McShaffry claimed
that LBM: (1) interfered with the contribution contract between
McShaffry, Brindsen and Gerow by settling with Brindsen and assigning the
county court judgment to him; and (2) engaged in fraud by providing false
testimony at trial.  Specifically,
McShaffry asserted that LBM had settled with Brindsen and then, pursuant to the
settlement agreement, agreed to participate in a “sham” trial in the county
court and assign the resulting judgment to Brindsen. 

LBM
moved for summary judgment on the basis of res judicata and collateral
estoppel, contending that McShaffry’s suit presented an impermissible
collateral attack on the county court judgment. 
McShaffry responded that res judicata did not bar his claims because his
claims against LBM did not accrue until after the county court had entered a
judgment against him.  The trial court
granted summary judgment in favor of LBM. 

Discussion

Standard of Review

An appellate court
reviews de novo a trial court’s ruling on a summary judgment motion. Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009). To succeed on a summary judgment motion under Texas Rule of Civil
Procedure 166a(c), a movant must establish that there is no genuine issue of
material fact so that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison Cnty. Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for summary
judgment on an affirmative defense must prove each element of its defense as a
matter of law, leaving no issues of material fact. Garza v. Exel Logistics, Inc., 161 S.W.3d 473, 475 n.10 (Tex.
2005).  Res judicata and collateral
estoppel are affirmative defenses. Tex.
R. Civ. P. 94. 

To conclusively
establish a matter, the movant must show that reasonable minds could not differ
as to the conclusion to be drawn from the evidence. City of Keller v.
Wilson, 168 S.W.3d 802, 816 (Tex. 2005). The evidence is reviewed in the
light most favorable to the non-movant, crediting favorable evidence if
reasonable jurors could and disregarding contrary evidence unless reasonable
jurors could not.  Fielding, 289 S.W.3d at 848 (citing City
of Keller, 168 S.W.3d at 827).  When,
as here, a trial court’s order granting summary judgment does not specify the
grounds relied upon, we affirm the summary judgment if any of the summary
judgment grounds is meritorious. FM
Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 873 (Tex. 2000).

Analysis

When multiple grounds for summary judgment exist and the
trial court does not specify the ground on which it granted summary judgment,
an appellant must negate on appeal all possible grounds. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Ellis v. Precision Engine Rebuilders, Inc.,
68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  If the appellant fails to negate each
possible ground upon which the judgment may have been granted, an appellate
court must uphold the summary judgment. See
Ellis, 68 S.W.3d at 898.  An
appellant also may assert a general complaint that the trial court erred in
granting summary judgment. See Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).  McShaffry, however, makes no such assertion.

LBM moved for summary judgment against McShaffry on the
grounds of res judicata and collateral estoppel.  Res judicata and collateral estoppel are
independent affirmative defenses. 
Because the order granting summary judgment did not specify the
particular grounds on which it was rendered; McShaffry must defeat each of
these grounds. See Carr v. Brasher,
776 S.W.2d 567, 569 (Tex. 1989).  

Res judicata has been used as a broad term for the related
concepts of claim preclusion (res judicata) and issue preclusion (collateral
etoppel). Barnes v. United States Parcel
Serv., Inc., No. 01-09-00648-CV, 2010 WL 6808024, at *4 (Tex. App. Houston—[1st
Dist.] June 23, 2011); see Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992).  However, within this doctrinal umbrella there
are two distinct legal theories—namely res judicata and collateral
estoppel.  Barr, 837 at 628.  Res
judicata prevents the relitigation of a claim or cause of action that has been
finally adjudicated in a prior lawsuit.  Id. 
Collateral estoppel, or issue preclusion, prevents relitigation of a
fact issue resolved in a prior dispute.  Id.  Although
claim preclusion and issue preclusion are related concepts, each provides a
distinct affirmative defense.  Therefore,
McShaffry must negate on appeal both grounds upon which the trial court’s
judgment may have been granted. 

We conclude that McShaffry has not briefed the alternative
ground of collateral estoppel.  See Williams v. Crum & Forster
Commercial Ins., 915 S.W.2d 39, 42–43 (Tex. App.—Dallas 1995) (noting that
issue is waived when appellant fails to cite legal authority in support of
issue, as required by rules of appellate procedure, and thereby affirming
summary judgment because appellant had not properly challenged each ground
asserted in support of summary judgment), rev’d
on other grounds, 955 S.W.2d 267 (Tex. 1997).  McShaffry confines his appeal to res
judicata, asserting that “[t]he trial court erred in granting Appellees’ res
judicata Motion for Summary Judgment because McShaffry did not have a claim against
Appellees until after the trial court entered a Judgment resolving all claims
against all parties in the previous lawsuit.” 
McShaffry offers no legal analysis, argument, citations to the
record, nor any authorities to support his contention on appeal that his claims
are not barred by collateral estoppel.  See Tex.
R. App. P. 38.1(h).  Because the
trial court could have granted summary judgment on the basis that McShaffry’s
claims were barred by either res judicata or collateral estoppel, and McShaffry
did not brief the collateral estoppel ground, we must affirm the summary
judgment.  See Ellis, 68 S.W.3d at 898; Iglesia
Hispana Nueva Vida Houston, Inc. v. Rosin, No. 01-06-00048-CV, 2007 WL
1633723, at *3 (Tex. App.—Houston [1st Dist.] June 7, 2007, no pet.) (mem. op.)
(affirming summary judgment on collateral estoppel because appellant did not
address it as possible ground for trial court’s summary judgment ruling); McIntyre v. Wilson, 50 S.W.3d
674, 681–82 (Tex. App.—Dallas 2001, pet. denied) (upholding summary
judgment because trial court could have granted summary judgment on ground that
appellant failed to adequately brief, by offering no discussion on issue,
making passing reference to ground in other issues, and citing generally to law
review article).

Nonetheless, we
conclude that the trial court properly granted summary judgment based on res
judicata.  Res judicata prevents parties
and those in privity with them from relitigating a case that a competent
tribunal has adjudicated to finality.  Ingersoll–Rand Co. v. Valero Energy Corp.,
997 S.W.2d 203, 206 (Tex. 1999).   Res
judicata bars claims or defenses that could have been litigated in the earlier
suit but were not.  Id. at 206–07.  “The doctrine
is intended to prevent causes of action from being split, thus curbing
vexatious litigation and promoting judicial economy.” Id. at 207.  Under the
doctrine of res judicata, a party is precluded from litigating a claim in a
pending action if: (1) in a previous action, a court of competent jurisdiction
rendered a final determination on the merits of a claim; (2) the parties that
litigated the prior claim are identical to or in privity with the parties
litigating the pending claim; and (3) the pending claim (a) is identical to the
prior claim or (b) arises out of the same subject matter as the prior claim and
could have been litigated in the previous action.  Travelers
Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010); Amstadt v. U.S. Brass Corp., 919 S.W.2d
644, 652 (Tex. 1996).  

Judgments—except
judgments void for lack of jurisdiction—are not subject to collateral attack;
they may only be challenged on direct attack by appeal. Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985).   A collateral attack, unlike a direct attack,
seeks to avoid the effect of a judgment in a later proceeding not instituted
for the purpose of modifying or vacating the judgment, but instituted in order
to obtain some relief that the judgment currently stands as a bar against. Henderson v. Chambers, 208 S.W.3d 546,
550 (Tex. App.—Austin 2006, no pet.) (holding that wife’s suit based on fraud
claim was collateral attack on prior judgment); see Kendziorski v. Saunders, 191 S.W.3d 395, 408 (Tex. App.—Austin
2006, no pet.) (“A collateral attack . . . ‘is an attempt to avoid the effect
of a judgment in a proceeding brought for some other purpose.’”) (quoting Employers Cas. Co. v. Block, 744 S.W.2d
940, 943 (Tex. 1988)).  “[T]he
prohibition against collateral attack extends to claims that false swearing or
fraud of a party to the judgment renders it voidable.”  In re
Cantu, 961 S.W.2d 482, 486 (Tex. App.—Corpus Christi 1997, no writ) (citing
Glenn v. Dallas Cnty. Bois D’Arc Island
Levee Dist., 268 S.W. 452 (Tex. 1925); Kaphan v. Fid. & Deposit Co. of Md., 564 S.W.2d 459, 462 (Tex.
Civ. App.—Houston [1st Dist.] 1978, writ ref’d n.r.e.)).  

McShaffry sued LBM alleging that LBM interfered with a
contract between McShaffry, Brindsen and Gerow by settling with Brindsen and
assigning the county court judgment to him. 
McShaffry also alleged that LBM engaged in fraud by procuring false
testimony in the county court.  According
to McShaffry, Brindsen paid LBM to settle the breach of commercial lease
claim in exchange for LBM’s participation in a county court trial.  LBM then assigned the resulting judgment to
Brindsen so that Brindsen could obtain more money from McShaffry than he could
have under their agreement.  In all
material respects, McShaffry’s claims in this case attack the judgment
against him in the county court, because each of them stems from allegations
that LBM obtained perjured testimony, with Brindsen’s help, in the earlier suit.  McShaffry was a party to the suit, but chose
not to appear at the trial.  McShaffry’s
claims present a collateral attack on the county court judgment: they are in
substance claims that the county court proceedings were intrinsically
fraudulent.  But he makes no showing that
he could not raise have raised these claims before the county court, during the
proceeding to which he was a party.  See Browning
v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005) (holding that bondholders’
claims that directors fraudulently undervalued company in earlier bankruptcy
proceeding were intrinsic to bankruptcy court’s order and collateral attack on
the judgment); see also Henderson,
208 S.W.3d at 550 (holding that wife’s suit based on claims her ex‑husband
and lawyers fraudulently mischaracterized property was collateral attack on
prior judgment).  Because McShaffry’s
claims represent an attack on the integrity of the county court
proceedings—proceedings that involved the same nucleus of operative facts and
to which he was a party—his claims present an impermissible collateral attack
and are res judicata.[1]  See
Browning, 165 S.W.3d at 346; see also Henderson, 208 S.W.3d at 550.  

 




 

Conclusion

We conclude that the trial court’s judgment, as based on
collateral estoppel grounds, was not challenged on appeal; the judgment may
stand on this basis alone.  Further, the
trial court properly granted summary judgment based on the affirmative defense
of res judicata.  Accordingly, we affirm
the judgment of the trial court. 

 

 

                                                         Jane Bland

                                                          Justice

                                                                   

 

Panel consists of Chief Justice Radack and Justices
Bland and Huddle.

 

 

 

 

 

 











[1]
Although
the parties did not raise the issue, we note that judgments from county courts are
not always accorded the same common-law finality as judgments from other
courts.  Section 31.004 of the Texas
Civil Practice and Remedies Code abrogates the general common law rules of res
judicata and collateral estoppel for county courts, justice courts, and small
claims courts. C/S Solutions, Inc., v.
Energy Maint. Servs. Group, LLC, 274 S.W.3d at 310; see Houtex Ready Mix Concrete & Materials v. Eagle Constr. &
Envtl. Serv., 226 S.W.3d 514, 519 (Tex. App. Houston—[1st Dist.] 2006, no
pet.).

The statute provides:

(a)   A judgment or a determination of fact or law
in a proceeding in a lower trial court is not res judicata and is not a basis
for estoppel by judgment in a proceeding in a district court, except that a
judgment rendered in a lower trial court is binding on the parties thereto as
to recovery or denial of recovery.

. . .

(c)  For the
purposes of this section, a ‘lower trial court’ is a small claims court, a
justice of the peace court, a county court, or a statutory county court.

Tex. Civ. Prac. & Rem. Code Ann. §
31.004(a),(c) (West 2008). Texas courts have interpreted this statute to mean
that res judicata and collateral estoppel only bar claims “actually litigated”
in courts of limited jurisdiction. C/S
Solutions, Inc., 274 S.W.3d at 310.  Nonetheless, prior county court judgments are
binding as to recovery or denial of recovery; section 31.004 does not preclude
the res judicata effect of a county court judgment on matters actually
tried.  See Tex. Civ. Prac. &
Rem. Code Ann. § 31.004.  Because
McShaffry’s suit attacks matters actually tried in an effort to avoid the
recovery obtained against him, section 31.004 does not bar the res
judicata defense asserted here.